## Sheldon *against* Lemuel Kibbe.

*November* 3. A judgment against one of two joint trespassers, without satisfaction, is not a bar to an action against his co-trespasser, for the same tresspass.

The taking of the body of a judgment debtor in execution, is not a satisfaction of the judgment.

This was an action of assault and battery.    In one of the counts, the injury complained of was alleged to have been committed by *Orrin Kibbe,* under the stimulation, and with the assistance of the defendant.

In bar of this action the defendant pleaded a former recovery, by the plaintiff, against *Orrin Kibbe,* for the same trespass.    By virtue of an execution issued on that judgment, *Orrin Kibbe* was committed to prison ; took the poor prisoner's oath ; and was afterwards discharged, under the act for the relief of insolvent debtors, without having paid or satisfied the judgment.

The questions of law, presented by this case, were reserved, by the superior court, for the advice of all the Judges.

*W. Perkins* and *Stearnes,* for the defendant, contended,    1. That the pendency of one action of trespass may be pleaded

in abatement of another for the same trespass. 1 *Chitt.* *Plead.* 443. 6 *Bac. Abr.* 589. (*Gwil.* ed.) *tit.* Trespass. (*G.*) 1. *Rawlinson* v. *Oriett* & al. *Carth.* 96. *Boyce* v. *Bayliffe*, 1 *Campb.* 60, 1.

2. That a recovery against one of two or more persons, for a trespass, committed by them jointly, is a bar to another action for the same trespass. 1 *Chitt. Plead.* 76, 7. *Com. Dig. tit.* Action., *Esp. Dig.* 319. *Bull. N. P.* 20. *Lendall* & *Pinfold's* case, 1 *Leon.* 19. *Anon.* 3 *Leon.* 122. *Brown* v. *Wootton, Cro. Jac.* 73. The cause of action being reduced *in rem judicatam*, is merged in the judgment. *Wilkes* v. *Jackson*, 2 *Hen. & Munf.* 355. Reason and justice require, that a former recovery should be a bar to an action for the same cause. There is a material distinction between a joint trespass and a joint and several contract. It is pursuant to the understanding of the parties, that joint contractors shall not be discharged without satisfaction ; but joint trespassers have made no such agreement. In trespass, the defendants may plead not guilty, *severally ;* and a verdict may be given in favour of some, and against others ; but the law is otherwise, in relation to joint contractors.

3. That the taking of the body in execution is a satisfaction.

*Goddard* and *C. Willey*, for the plaintiff, contended, 1. That a party may commence several actions of trespass, against several persons, at the same time, for the same trespass ; and, the pendency of one will not abate another. Sir *John Heyden's* case, 11 *Co.* 5. *Bayly* v. *Raby* & al. 1 *Stra.* 420. *Mitchell* v. *Turbutt* & al. 5 *Term Rep.* 649. *Livingston* v. *Bishop*, 1 *Johns. Rep.* 290.

2. That a party may include in an action of trespass, all, or any part, of the persons concerned in the act complained of ; and it is no ground of abatement, that too many or too few are joined. 1 *Wms. Saund.* 291. *d.* *Rose* v. *Oliver* and *Stevens*, 2 *Johns. Rep.* 365.

3. That a recovery against one of two or more joint trespassers, without satisfaction, is no bar to a recovery against another. Sir *John Heyden's* case, 11 *Co.* 5. *Brooke's Abr. tit.* Judgment. *pl.* 98. *Bird* v. *Randall*, 3 *Burr.* 1345. *S. C.* 1 *Bla. Rep.* 387. *Martin* v. *Kennedy*, 2 *Bos. & Pull.* 69.

*Drake* v. *Mitchell* & al. 3 *East* 258. *Livingston* v. *Bishop*, 1 *Johns. Rep.* 290.

4. That the taking of the body in execution is no satisfaction. *Blumfield's* case, 5 *Co.* 87.

5. That the discharge of a debtor, under the insolvent debtor's act, does not discharge other persons liable. *Nadin* v. *Battie* and *Wardle*, 5 *East* 147. *Macdonald* v. *Bovington*, 4 *Term Rep.* 825.

HOSMER Ch. J. This case presents two questions for the determination of the court. 1. Whether an unsatisfied judgment, rendered against a joint trespasser, separately, is a bar to a suit against his co-trespasser. 2. If it is not, whether taking out execution and levying it on the body, has that effect.

It is universally admitted, that for a joint trespass, the person injured may sue all the trespassers jointly, or each of them separately; and that each is responsible for the act of all. There exists no question, that actions may be depending against each trespasser, severally, at the same time, for the trespass committed by them jointly; and that the pendency of one is not pleadable in abatement of the other.

Until the case of *Brown* v. *Wootton*, *Cro. Jac.* 73. the law seems to have been well settled, and required satisfaction as a bar in trespass. In *Brooke's Abr. tit.* Judgment. *pl.* 98. it is asserted, if two commit a trespass, that the injured party may sue them separately; and one defendant cannot plead, that the plaintiff has obtained judgment against the other for the same trespass, and taken him in execution. In *Morton's* case, *Cro. Eliz.* 30. it was determined, that a judgment and execution against one joint trespasser, which had been satisfied, was a bar to a suit against a co-trespasser; although this was questioned by one of the judges. In the same year, and in the same court, the case of *Lendall* and *Pinfold*, 1 *Leon.* 19. was decided. The plaintiff brought an action of trespass, " and had judgment and execution accordingly." Afterwards, he instituted a suit on the same trespass against a co-trespasser; and the judgment and execution were considered a good bar. This case, unless by the phrase " had execution," is meant, that the plaintiff had *the effect* of execution, is not reconcileable with the determination in *Morton's* case, nor with *Hitchcock* and *Thurland's* case, 3 *Leon.* 122. decided in the same court, the succeeding year, and published by the same report-

er. In the latter case, which was an action of trespass, the defendant pleaded, that the plaintiff had obtained judgment against *J. S.* a co-trespasser, " and had execution of damages." The court held the plea good. *Plowden* said " it was a good bar, for that all is but one trespass; and satisfaction by one of the trespassers, is satisfaction for the other. And if the plaintiff had released to the other trespassers, the defendant, if he had it in his hand, might well plead it." With him concurred *Wray* and *Clench*, the latter of whom said, " by the same reason that he shall be charged with the same damages, by the same reason he shall have advantage of the satisfaction of them, by his companion." It is unquestionable that the judgment in this case had been satisfied; and I am inclined to believe, that in the case in the first of *Leon.* there had been satisfaction of the judgment. It would be passing strange, that in the 26th *Eliz.* there should have been in *B. R.* conflicting decisions, as must have been the fact between *Morton's* case and that of *Lendall* and *Pinfold*, if the judgment in the latter had not been satisfied, and that the next year, as was done in *Hitchcock* v. *Thurland*, *Morton's* case should be confirmed. Add to this, that the facts in the two cases reported by *Leonard*, are expressed in terms very similar; and that the decision in the former of them was founded on the doctrine in *Littleton* concerning releases. *Sect.* 376. The reason of *Littleton's* text, that a release to one trespasser shall be a bar for others, is, because the release acknowledges the plaintiff to be satisfied for the wrong; *et unica tantum erit satisfactio.* *Claxton* v. *Swift*, 2 *Show.* 494. by *Shower, arguendo.*

The case of *Brown* v. *Wootton, Cro. Jac.* 73. introduced a new principle, and decided, that a judgment and execution, in behalf of a person concerned in the same trespass, were a a bar. The ground of the determination was this, " that the cause of action being against diverse, for which damages uncertain are recoverable, and the plaintiff having judgment against one person for damages certain, that which was uncertain before is rendered *in rem judicatam*, and to certainty; which takes away the action against the others." The validity of the principle I very much question, and shall hereafter discuss. " It was never pretended," said *Shower*, in *Claxton* v. *Swift*, 2 *Show.* 494. " until the case of *Brown* v. *Wootton*, that a bare judgment should be a bar." Some decisions since the case just mentioned have followed it as a precedent, and

*Tolland,*
November,
1819.

*Sheldon*
*v.*
Kibbe.

28

*Tolland,*
*November,*
*1819.*

*Sheldon*
*v.*
*Kibbe.*

particularly. *Wilkes* v. *Jackson,* reported in the 2 *Hen. & Munf. Rep.* 355. But many cases have considered satisfaction as an indispensible requisite in bar of a separate suit. Such are *Cooke* v. *Jenner, Hob.* 66. and *Corbit* v. *Barnes,* Sir *Wm. Jones,* 377. That a judgment alone is not a defence, was adjudged in *Livingston* v. *Bishop* & al. 1 *Johns. Rep.* 290. and in *Thomas* v. *Rumsey,* 6 *Johns. Rep.* 26. it was thought necessary to plead judgment with satisfaction ; and on this latter ground the plea was held sufficient.

The principle that each trespasser should be answerable until satisfaction made, has often been recognized. In *Bird* v. *Randall,* 3 *Burr. Rep.* 1345., Lord *Mansfield,* speaking of joint trespassers, remarks, that the plaintiff may proceed against all or any of them, " yet he shall have but one satisfaction for the same injury." And in *Baker* v. *Lovett,* 6 *Mass. Rep.* 80. Ch. J. *Parsons* lays down the following principle. " Where one trespass has been committed, by several persons jointly, the party injured may sue any or all the trespassers, but he can recover but one satisfaction for the same injury." I am well convinced, although the cases are contradictory and irreconcileable, that the weight and number of those which require something more than a judgment as a bar in behalf of a co-trespasser, do very much preponderate.

On principle, independent of cases, I am perfectly clear, that an unsatisfied judgment, pleaded by a separate trespasser, is no bar. The justice of the plaintiff's demand in such case cannot be denied. In *Sheehy* v. *Mandeville,* 6 *Cranch,* 253. it was said, by Ch. J. *Marshall,* and with the same force and propriety may be repeated in this case, " In point of real justice, there can be no reason why an unsatisfied judgment against *Jameson*" (a joint debtor) "should bar a claim on *Mandeville,*" who was indebted with him, and was severally sued.

In one sense, every contract, as well as every joint trespass, is joint and several ; because each promissor is liable for the whole, and may be compelled to make satisfaction. *Rice* v. *Shute,* 5 *Burr.* 2613. *Tooker* v. *Bennett,* 3 *Caines* 5. This expression is universally true, as to the essence of the debt or demand, in both the cases alluded to. Every trespass, however, is joint and several in a different sense, that is, in reference to the mode of redress ; and a suit may be instituted against all the trespassers, or either of them, at the election of

the person injured.    It would seem to result from this admit-
ted principle, that a judgment recovered against one joint tres-
passer, can be no bar to a judgment against another, in order
to avoid the most palpable absurdity.    " If," said Ch. J. *Kent,*
in *Livingston* v. *Bishop,* 1 *Johns. Rep.* 290. " there can be
but one recovery, it is in vain to say, that the plaintiff may
bring separate suits ; for the cause that happens first to be tri-
ed, may be used by way of plea *puis darrein continuance,* to
defeat other actions that are in arrear."    The common law,
founded as it is upon reason, and allowing nothing that is nuga-
tory, much less that is pernicious, will sanction no inutility or
absurdity.    Now, what can be more absurd, than to authorize
the pendency and proceeding of twenty separate actions
against persons concerned in a joint trespass, and after the
accumulation of vast expense, to hold, that the first judgment
bars the other suits !    Satisfaction of a judgment, equally with
payment before action brought, must be attended with this ef-
fect ; but if the bare existence of a judgment had this opera-
tion, justice and convenience, in opposition to law indisputa-
bly established, would imperiously demand, that joint trespas-
ses should be the subject only of a joint suit.

It has been said, that a judgment against one merges and
extinguishes the cause of action against all the trespassers.
As against the person subjected to the judgment, this is readi-
ly admitted.    No person shall be twice vexed for one and the
same cause ; and it would be insufferably unjust to sanction a
suit against him who is already bound by a higher security.
But with respect to the collateral effect of the judgment, it has
been misconceived.    " I have always understood," said
Lord *Ellenborough,* in *Drake* v. *Mitchell,* 3 *East,* 258. " the
principle of *transit in rem judicatam,* to relate only to the par-
ticular cause of action in which the judgment is recovered, op-
erating as a change of remedy from its being of a higher na-
ture than before.    But a judgment recovered in any form of
action, is still but a security for the original cause of action,
until it be made productive in satisfaction to the party ; and
therefore, till then, it cannot operate to change any other col-
lateral concurrent remedy, which the party may have."    Of
this description is the remedy, which the law allows against
one of several joint trespassers, who have not been sued.    The
reason assigned, in *Brown* v. *Wootton,* as the foundation of the
judgment, seems incompatible with the principle laid down by

Tolland,
November,
1819.

Sheldon
v.
Kibbe.

Lord *Ellenborough.*  The doctrine advanced is, that "the cause of action being against diverse, for which damages uncertain are recoverable, and the plaintiff having judgment against one person for damages certain, that which was uncertain before is rendered *in rem judicatam,* and to certainty, which takes away the action against the others."  To me, this appears to be a strange *non sequitur,* attributing a collateral effect to a judgment, which I have in vain sought for a principle to warrant.  In *Claxton* v. *Swift,* 2 *Show.* 494., which was an action of *assumpsit* sounding in damages, the court held, a recovery without satisfaction against the drawer, was no bar to a suit against the indorser of a bill.

If judgment had been rendered against the plaintiff, on the merits, in his suit with *Orrin Kibbe,* for the above trespass, perhaps it would be a bar to the present action.  *Ferrers* v. *Arden, Cro. Eliz.* 668.  But between that case and the present, there is no analogy.

It is an established principle, that a judgment obtained against one of the contractors, on a joint and several contract, is no bar to a suit against another of them, unless it has been satisfied.  *Sheehy* v. *Mandeville,* 6 *Cranch,* 253.  *Ward* v. *Johnson* & al. 13 *Mass. Rep.* 148.  *Higgens's* case, 6 *Coke* 46.

The same person cannot again be sued on the contract; for *nemo debet bis vexari;* but the judgment does not extinguish the cause of action, and has no effect on the collateral remedy against the other contractors.  That a judgment against one of several joint trespassers is precisely parallel, strikes me with a force I cannot resist.  In both cases, the suit is founded on an entire indivisible cause of action; that is, on a contract and tort incapable of separation or division; and in both instances, the remedy is joint and several.  In the one case, the legal operation is founded on the act of trespass merely, an act of the body; and in the other, upon the contract of the parties, which is an act of the mind.  The steps preceding the result are different, but the result, the jointness and severalty of the remedy, is the same in both instances.  The unity and indivisibility of the cause of action, in both cases, is perfectly alike.  If a tresspass is committed by *A.* and *B.* on the body of another, the acts are distinct; the stroke of *A. in fact,* not being the stroke of *B.;* and *vice versa.*  But, by operation of law, these distinct acts are amalgamated, and, in all their parts, become the united act of both.  So, a contract made by *A.*

and *B.*, and subscribed by each, is created by distinct acts ; the assent and signing by one, not being the assent and signing by the other ; but by legal result, it is the inseparable act of both. The united mind, with which the contract was made, gives it unity ; and the same unity proceeds from the united mind of joint trespassers. In both instances, the cause of action is one and indivisible, and the remedy is joint or several, at the option of the plaintiff. Between the legal effect of a judgment in cases of such intimate resemblance, why should there be a difference ?

*Tolland,*
November,
1819.

Sheldon
*v.*
Kibbe.

The supposed inconvenience probably resulting from there being several judgments in distinct actions, is imaginary. It will be no greater than has the sanction of established principle, in the case of joint and several contracts ; and the satisfaction of one judgment will be followed by the same relief against all.

If the judgment is not a bar, and I am of that opinion, the next enquiry is, whether the taking out execution and levying it on the body, has that effect. In *Livingston* v. *Bishop*, it was intimated, that this might be deemed an election by the plaintiff *de melioribus damnis* ; agreeably to the rule laid down in Sir *John Heyden's* case, 11 *Coke*, 5. But the bearing of the case on this question, I cannot discern. That was a joint action against three trespassers, one of whom was first tried, and had a verdict against him of 200 pounds damages ; another of them was next tried, and a verdict was given against him of 50 pounds damages ; and the third confessed the action, and a writ of enquiry was awarded, but never issued. The court adjudged, that the plaintiff might elect the better damages against all, but *fiat nisi unica executio.* It amounts to this ; that in one action on a joint tresspass, there shall be one judgment only. The election, there spoken of, was *before* judgment, not after, by praying out execution ; and the effect of *Heydon's* case on a collateral action, with great deference, I think, has been misconceived. The principle I have assumed is, that a judgment against a trespasser must be satisfied, or it will not bar a suit brought against an associate in the trespass. The taking out execution is not satisfaction ; nor is the levying it on the body. As it was said in *Blumfield's* case, 5 *Coke*, 87. " the execution of the body is no satisfaction, but a gage for the debt, and therefore, after the death, he shall resort to a new execution." To the same effect it was observed, by Lord

*Ellenborough*, in *Drake* v. *Mitchell*, 3 *East*, 258. " a judgment recovered, in any form of action, is still but a security for the original cause of action, until it be made productive in satisfaction to the party." *McDonald* v. *Bovington*, 4 *Term Rep.* 825. *Sheehy* v. *Mandeville*, 6 *Cranch*, 265.

On the whole, I am of opinion, that the unsatisfied judgment against *Orrin Kibbe*, on which execution was taken out and levied on his body, is no bar to the plaintiff's action; and that he is entitled to judgment.

PETERS, BRAINARD and BRISTOL, Js. were of the same opinion.

CHAPMAN, J.   The question, in this case, is, whether a recovery against one joint trespasser, who has been committed to gaol, on an execution granted thereon, and has taken the poor prisoner's oath, can be pleaded in bar, to another suit, against his co-trespasser.   The principle to be settled, in this case, is, in my view of it, of the first importance.   Litigation is one of those evils, which necessarily attend a civilized community; but the adoption of any principle, (without necessity) which is calculated to increase it, must always be impolitic, always wrong.   " *Interest Reipublicæ ut finis sit litium.*" Hence the doctrine of consolidation of causes.   Hence the legislatures of the different states have made laws, to diminish the number of law suits; and one has gone so far as to provide, that a suit brought, will bar any claim, which might have been included in such suit, whether it is or not.

It will be granted me, at the onset, that the principle adopted by my Brethren, in this case, is not *necessary* to the attainment of justice, in any supposed case; since it is in the power of the plaintiff, in any action founded on *tort*, to include every person liable, in a single action, or as many of them as he pleases.

To allow him to sue each *separately*, is to give him no advantage, unless it be advantageous to him, to have the power of indulging his corrupt passions, in vexing and harrassing those who are in his power; a disposition to do which is too often seen in our courts of justice.   Were the principle adopted by the court applicable to actions of trespass only, it would be more tolerable; but when it is seen, that the principle is equally applicable to ejectment, trover, malicious prosecution,

as well as every other action founded on tort, (for they are all in the same sense joint and several) it must be acknowledged, that the decision of this case is of the last importance ; for it settles a principle, which puts it into the power of those who choose to use it, of multiplying law suits, to almost any extent, to the great injury of individuals, as well as of the community.  In many cases founded on tort, the only question is the right of property ; no personal blame being inputed to the defendant ; and in many cases, the plaintiff is at liberty to sue in tort or contract, at his election.  Surely, the public good does not require, that there should be as many actions as there are parties.  An officer, in attaching property, would often lay a foundation for a whole docket of causes; first, against himself; secondly, against all the creditors, under whose direction he acted ; and lastly, against all his assistants separately.  If the levy should be a mistaken one, each must pay a bill of costs, and one the damages ; and what, perhaps, is worse, the court might be employed a long time, in trying the same cause against the different defendants, with different juries, (for there must be a new jury for the trial of every cause ;) and what is worst of all, the plaintiff will have it in his power, by this experiment, to ascertain which jury will give him the *highest* damages.  That such a principle as this should exist in any code of laws, in any country, seems to me incredible.

But it is said, this is the common law of *England*.  I fearlessly deny it ; and were it so, I would not adopt it, highly as I think of their common law.

Let us see whether any of the cases, relied on by the plaintiff, even *conduce* to prove, that where a judgment has been recovered against one joint trespasser, and execution has been taken out, and levied on his body, a trial has ever been had against his co-trespasser.

The first case relied upon is Sir *John Heydon's* case, 11 Co. 5.  " In trespass against several, one appeared and pleaded not guilty, with a *simul cum*, and then another appeared and pleaded.  The issues were separately tried, and different damages assessed.  The court said, that the plaintiff had his election of the different damages, but that there should be but *one execution.*"

This case, so far from supporting the principles contended for, is directly opposed to them.  Had the court decided, that two executions might issue, one for the damages and costs of

*Tolland,*
November,
1819.

Sheldon
*v,*
Kibbe.

*Tolland,*
*November,*
*1819.*

*Sheldon*
*v.*
*Kibbe.*

the trial of one issue, and another for the damages and costs of the trial of the other, on the ground that the defendant might be relieved by an *audita querela*, if the plaintiff should proceed to levy them beyond the damages and costs of the one, and the costs of the other, I admit the case would have been analogous to this. But the court say, that there can be but *one execution.* Why but one? Could the court foresee, that the plaintiff would not fail to satisfy (as in the present case) the execution he should elect to take out? In the case under consideration, it is admitted, that there has been a recovery for the injury here complained of, and an execution taken out and levied. But then it has not been paid. But has not the plaintiff elected? And if he has done so, does it not appear from all the cases, that he is concluded?

In the case of *Brown* v. *Wootton, Cro. Jac.* 73. the very point now before the court was made, and unanimously decided in favour of the defendant. That was an action of trover. The defendant pleaded a former recovery against one *J. S.* for the same goods; and the plea was holden good. The arguments, which are urged here, were urged there. It was said, a judgment, without *satisfaction*, was no bar: that there was no difference between actions founded on torts, and joint and several contracts. The court, however, say, " The *cause* of action being against diverse, for which damages *uncertain* are recoverable, the plaintiff having judgment against *one* person for damages *certain*, that which was *uncertain* before, is rendered in *rem judicatam.*" I am not aware, that this case was ever questioned in *Westminster-Hall.*

The same doctrine is supported by a great variety of cases. *Rawlinson* v. *Oriett* & al. *Carth.* 96. Sir *Humphrey Ferrers* & al. v. *Arden, Cro. Eliz.* 668. *Lendall* and *Pinfold's* case, 1 *Leon.* 19. *Lacon* v. *Barnard, Cro. Car.* 35. Indeed, no case can be found in the *English* books, where there has been a judgment and execution against one tort-feasor, which could not be pleaded, without satisfaction, to a suit against another. The argument on the part of the defendant, turns wholly upon the supposed analogy between actions on joint and several contracts, and those on torts; and since this is the foundation of the argument, it may not be improper to examine into the extent of this analogy.

*A., B.* and *C.* give a joint and several note. An action will lie against each separately;—and judgment and execution

*Tolland,*
November,
1819.

Sheldon
*v,*
Kibbe.

may, also, be had against each.—Here is no election *de melioribus damnis.*—When one execution is satisfied, and the costs on the others, an *audita querela* lies to prevent further proceedings. But why does not a judgment in one case, operate as a bar to the proceedings in the others ?—Because each action is brought on a distinct promise.—The *several* promise of *A.,* is not the promise of *B.* ;—nor will a judgment on the former merge the latter.—The promise of each is to pay the note ; and until this is done, the promise is not performed.

The judgment merges the promise only, on which it is had, and not concurrent, distinct promises.

*A.*, *B.* and *C.* jointly commit a trespass. One, two or all, are liable to be sued, but there can be but one judgment ; or, if we carry the principle as far as it is carried in the case of *Livingston* v. *Bishop*, 1 *Johns. Rep.* 290. there certainly can be but one execution.

There is, indeed, but *one cause* of action ; and that there can be but *one* action, where the *cause* of action is single, is universally true, whether *one* or *many* are liable ; because a judgment against one as effectually merges that *cause* of action, as if it were against all. A recovery against a *joint* promiser (and one may be had, where no plea in abatement is interposed) will bar all future actions ; because, though many might have been liable, there was but *one* cause of action. If the analogy between actions founded on torts, and those on joint and several contracts, were complete, why might not *two* be sued on a joint and several note given by three ? Two joint trespassers may be sued, where three are liable.

I admit the case of *Livingston* v. *Bishop* is opposed to the general doctrine I contend for, in this case ; and from the high respectability of the court, before which the decision was had, is deserving of great weight ; but it is equally opposed to the opinion, my brethren have given in this case ;—and though it does not support me throughout, on the grounds I go, when I say the plea in bar is sufficient, yet the principle adopted by the court in that case, will evince that it is so. Six actions of trespass were brought against as many joint trespassers.— Judgment was recovered against one, execution taken out, paid, and satisfied ; and the only question submitted to the court, was, (as all the actions were pending together) whether the plaintiff was entitled to costs, on the other five actions.— It was decided that he was.—The learned judge, who gave the

*Tolland,*
*November,*
*1819.*

Sheldon
*v.*
Kibbe.

opinion in that case, remarks, "that the more rational rule appears to be, that where you elect to bring separate actions, for a joint trespass, you may have separate recoveries, and but one satisfaction ; and that the plaintiff may elect *de melioribus damnis,* and issue his execution accordingly ; and that where he has *made his election,* he is *concluded* by it." And again :—"There must, at least, be an execution, &c. ; and that, perhaps, may be deemed an *election,* by the plaintiff, *de melioribus damnis ;* and that may be sufficient to conclude him."

It ought to be observed, that the court, in the discussion of this case, did not call in question the before cited case of Sir *John Heydon* ; but they did that of *Brown* v. *Wootton ;* though I believe, it was the first time the correctness of it was ever doubted.

The principle decided in both is precisely the same.—One was an action against two joint trespassers, and the judgment of the court was, that the plaintiff, (as there were two verdicts) might elect between them, and have *one* execution.— The other was a second action against a joint trespasser, and the judgment of the court was, that the plaintiff had made his *election,* by taking out an execution, for the same cause of action, against a co-trespasser. What other difference there was between them than that in one case two were sued jointly, and the other separately, I am unable to see.—It must be admitted, that neither of the two last cited cases conduce, in the smallest degree, to support the decision, in the present case ; and as little does the case of *Livingston* v. *Bishop.* The court had no intention to carry the principle beyond that decided in Sir *John Heydon's* case. Indeed, they rely on that case, in support of their decision.

Suppose, then, that the present defendant had been sued in the first action jointly with his co-trespassers ; that they had severed in their pleas ; and the jury had awarded different damages ; could the plaintiff have had two executions ?— Could he, after having made his election, and failed, by reason of the inability of the defendant to pay the execution, have another execution against the other defendant ? Could he make a second election ?—Do the court, in that case, insinuate, that the plaintiff can have a single advantage, by suing them *separately,* which he could not have, had he sued them jointly ?

The principle decided in the present case, is, that the plaintiff is at liberty to make his election *de melioribus damnis*, even after the levy of his execution.—Is there a *dictum*, which will warrant this?—Must it not always be done in court, and at the time he takes out his execution; and this, whether the plaintiff sues the defendant jointly, or severally. Suppose that in this case, the plaintiff recovers a much less sum. than he did in the former action; would he not have a right to *elect*, to have a new execution, to levy it on the property of the then defendant? Most assuredly he would, if the decision is correct.

I think, therefore, the decision in this case is opposed both to principle and precedent.

*Tolland,*
*November,*
*1819.*

Sheldon
*v.*
Kibbe.

Judgment to be rendered for the plaintiff.