JACOB HARRIS *vs.* DAVID ROSENBERG AND ANOTHER.

The defendants entered the store of the plaintiff and carried off a quantity of goods. They first put up a quantity in one package, which one of the defendants carried away, while the other remained and selected goods for another package, which, on the return of the first defendant, they together carried away. Held that the whole might properly be regarded as one trespass.

Where the date of some transaction is material and in dispute, it may be shown by the date of some other transaction not in dispute, which stands related to the date inquired after.

And such undisputed date may be inquired after on the cross-examination of a witness, both for the purpose of fixing dates and for that of testing his memory.

The matter in both cases lies within the sound discretion of the court.

Where one of two defendants in an action of trespass was a minor and no guardian *ad litem* was appointed, and the court therefore rendered judgment only against the other defendant, it was held that the latter was not aggrieved by the error, if it was one.

But held to be no error.

The rule that all things are to be presumed against a wrong-doer applies properly to cases where such wrong-doer withholds evidence which he might produce and which would show the real fact, and relates particularly to questions of the quantity and value of articles which such wrong-doer has taken or with which he is chargeable.

But the rule does not apply to a case where, from the wrongful taking of certain articles, it is inferred that others that are missing and were in the same place, were taken by the same person. This is a case of probability, of more or less weight according to the circumstances, but not of presumption under the rule.

TRESPASS for taking and carrying away the goods of the plaintiff; brought to the Court of Common Pleas in New Haven County, and heard in damages after demurrer overruled, by *Robinson, J.*

The goods in question were a large quantity of furnishing goods of various kinds, kept by the plaintiff in his store in Ansonia in this state. Upon the hearing it appeared that the defendants, David Rosenberg, and Carrie Rosenberg, who was his daughter, with one Brocksieper, entered the store, in the absence of the plaintiff, about noon on the 28th of December, 1874, for the purpose of unlawfully taking the goods; that they all three remained in the store selecting and packing such goods as they desired to take, for about half or three-quarters of an hour; that Brocksieper and David Rosenberg then left the store, and carried part of the goods over to the dwelling-house of the latter in Ansonia, leaving the other defendant, Carrie Rosenberg, in the store, selecting and putting up goods; and that after they had taken the goods to the house, David Rosenberg immediately returned to the store, and, with Carrie Rosenberg, took away the remainder of the goods so selected and put up.

To this evidence of the taking away of any goods from the store, other than the goods taken the first time in company with Brocksieper, the defendants objected, claiming that under the declaration the plaintiff could prove but one trespass, and that having elected the first taking away of goods as the trespass, he could offer evidence as to no other. But the court found that the two carryings away were merely parts of one continuous transaction, and held that they constituted but one trespass, and admitted the evidence.

The plaintiff offered as evidence the notice of the assignment of a certain note which the plaintiff owed to the defendant David Rosenberg (and to obtain the amount of which the latter claimed to have taken the goods in question), which note was non-negotiable, and which the plaintiff claimed this defendant had assigned to Brocksieper, at or about the time of the taking, and had given the plaintiff notice of such assignment in writing; and the plaintiff claimed to offer the written notice of assignment as evidence for the purpose of fixing certain dates claimed to be material, and of testing the memory of this defendant in relation to such dates, and also of testing the memory on the same dates of Brocksieper, who

was offered as a witness by, and who testified as a witness for, the defendants, and for no other purpose. To this evidence the defendants objected; but the court received the same for said purpose of fixing dates subject to the objection, and did not rule the same out afterwards.

The defendants in introducing their case offered the testimony of Isaac Rosenberg, brother of David Rosenberg, as to certain interviews that he had with the plaintiff, and as to the value of the goods in question. The plaintiff, upon the cross-examination, inquired as to the notice of the assignment of the note referred to, and as to the date of the same, whether it was the true date; it being claimed by the plaintiff that the assignment was made and notice made and given by the direction and advice of Isaac Rosenberg, the witness; which evidence was offered for the sole purpose of fixing certain dates and of testing the memory and affecting thereby the credibility of the witness. To these inquiries the defendants objected on the ground that they were immaterial to the issue, and that the plaintiff could not cross-examine upon matters not opened upon the direct examination by the defendant. But the court overruled the objection and admitted the evidence for the purpose of testing the memory of the witness.

It was claimed by the defendants that if the court should be in doubt upon the evidence as to the quantity or value of the goods taken, the defendants were entitled to the benefit of that doubt, and that the rule of law was so that the presumption was in favor of the defendants in case of such doubt. But the court, being in doubt as to such quantity and value, held that the presumptions of law, so far as there were any, upon the questions of quantity and value, were in favor of the plaintiff and against the wrong-doer, and that in case of doubt the largest quantity and the highest value were to be regarded as the true ones, and applied this principle to the decision of this case.

It appeared during the hearing that the defendant Carrie Rosenberg was a minor under the age of twenty-one years, and that the other defendant was her father; but that no guardian or next friend appeared for her in the cause, or upon

the hearing, and that no guardian had been appointed for her by the court; and thereupon the court assessed damages against David Rosenberg, and did not assess damages against the minor, or tax costs in her favor. The damages assessed were the full amount claimed by the plaintiff in his writ.

David Rosenberg moved for a new trial for error in the rulings of the court.

*S. L. Bronson* and *J. P. Phillips*, in support of the motion.

*W. B. Wooster* and *D. Torrance*, contra.

LOOMIS, J.　The motion presents as grounds for a new trial four questions made in the court below, which we will very briefly consider.

1. · It seems that three persons were concerned in the alleged trespass, which consisted in selecting from the goods of the plaintiff in his store a large number of small articles, and carrying them away in two separate parcels.　While two of the trespassers were carrying away the first parcel to the house of one of them near by, they left Carrie Rosenberg, the other defendant, in the store selecting and putting up another package of goods to be ready on their return.　They did return very soon, and together with said defendant, Carrie, took away the other package so selected by her.　The evidence of the taking away of the last-mentioned package of goods was objected to by the defendants, as constituting a distinct trespass, only one trespass being alleged in the declaration.

The court, very properly we think, disposed of this objection by finding that the two acts were merely parts of one continuous transaction, and therefore admitted the evidence.

2.　The evidence of the date of the notice of the assignment to Brocksieper, one of the trespassers, of a note which the plaintiff owed David Rosenberg (to recover the amount of which, the defendants claimed to have taken the goods in question), and which evidence was offered and received for the sole purpose of fixing certain dates claimed to be material, and of testing the memory of witnesses, was, we think, admis-

sible for that purpose, at least within the sound discretion of the court. If the dates to be shown were material and in dispute, they could be shown by the date of some other event not in dispute, upon the same principle that "the qualities of an object in dispute may be shown by comparison with the known qualities of some object not in dispute." *Isbell* v. *N. York & N. Haven R. R. Co.*, 25 Conn., 556.

It does not appear that the dates to be shown were not material, but on the contrary, as they were connected with the transaction in question, *primâ facie* they were material.

The same evidence was also called out by the plaintiff on the cross-examination of the defendants' witness, for the purpose of fixing dates and of testing the memory and thereby affecting the credibility of the witness, and we think it was admissible for that purpose within the discretion of the court.

3. It appeared during the trial that the defendant Carrie Rosenberg was a minor, and that the other defendant was her father, but no guardian or next friend appeared for her in the cause, and no guardian *ad litem* was appointed by the court. The court therefore omitted to render any judgment against the minor. If this was error, it is an error apparent on the record, and will not avail the defendant on a motion for a new trial, as the point was not made on the trial in the court below. But it was no error that injured the defendant David Rosenberg.

A judgment against Carrie, the infant, would have been erroneous, and had it been rendered, this court would only reverse it against her, leaving the judgment in full force against the adult co-trespasser, which would leave the case just where it now stands. The course taken by the court was, under the circumstances, the only proper one. Reeve's Dom. Rel., p. 268; *Wilford* v. *Grant*, Kirby, 114.

4. The only remaining question is, whether the court properly held that the presumption as to the quantity and value of the goods taken was in favor of the plaintiff in case of doubt.

The motion presents this point as follows: "But the court being in doubt as aforesaid [that is, as to the quantity and

value of the goods taken,] held that the presumptions of law, so far as there were any, upon the questions of quantity and value, were in favor of the plaintiff and against the wrong-doer, and that in case of doubt the largest quantity and the highest value were to be regarded as the true ones, and applied this principle to the decision of the case." This was an application to the facts of this case of the much used (if not abused) maxim, "*Omnia presumuntur contra spoliatorem.*"

This maxim has often been a most effective instrument in the hands of justice to punish wrong-doers, and the high-handed outrage committed by the defendants as disclosed by the record, doubtless furnished a legitimate occasion for its use under proper limitations. It is possible that the brevity of the finding may not correctly represent the application which the court made or intended to make of the principle.

As we construe the finding, in connection with the fact that judgment was rendered for all the plaintiff demanded in his writ, the principle of presuming the highest value and the largest quantity does not seem to have been limited to the precise thing or things otherwise proved to have been taken.

The maxim in question legitimately applies to tortious acts of withholding, suppressing, concealing, mutilating or fabricating evidence, or the instruments of evidence. 1 Greenl. Ev., 12th ed., § 37; Broom's Legal Maxims, 425.

When it is applied to a case like the present, it is upon the principle that where a party has the means in his power of rebutting and explaining the evidence against him and wrongfully withholds it, the omission furnishes a strong inference that he could make no answer to the opposing claim.

One of the earliest cases illustrating the principle in its application to cases of the class now under consideration, is the leading case of *Armory* v. *Delamirie*, 1 Strange, 505, where a person found a jewel and took it to a goldsmith's shop to inquire its value, who, having got the jewel into his possession, under pretence of weighing it, took out the stone, and on the finder's refusing to take a small sum for it, returned to him the empty socket. An action of trover having been brought, Pratt, C. J., directed the jury that, unless the defend-ant produced the jewel and showed it not to be of the first

Harris *v.* Rosenberg.

water, they should presume the strongest against him, and make the value of the best jewels the measure of their damages. A proper application of the rule to the case at bar may be illustrated as follows:—If it was proved that the defendants took a piece of silk and the plaintiff claimed that it was of the best quality and highest price and contained so many yards, and the defendant, while denying the alleged quantity, quality and price, would not produce it in court or allow it to be examined and measured, it would furnish a very strong inference against him; but the fact of taking the silk would not of itself justify the court in presuming that he took the fur caps or other things mentioned in the declaration, and that they also were of the finest quality and highest price. The presumption we are considering is of course to be distinguished from one arising from opportunity to take the goods coupled with other circumstances calculated to fasten the guilt upon the defendants; as for instance, if certain goods were known to have been in the store just previous to the defendants' entry and were found missing soon after, and no persons other than the defendants and those acting with them were known to have entered the store without permission or to have had opportunity to take the goods, the court might properly infer that the missing goods went off by the same hands that were proved to have taken a part.

Again, we think the foundation which the court prescribed, on which it would raise the presumption in question, was too broad as it is stated. "If the court was in doubt upon the evidence as to quantity and value, then it applied the principle of the largest quantity and highest value." The rule thus stated fails to discriminate, as it should, between cases where the doubt was occasioned by some act of the wrong-doer, and where it originated, as it might, from the fault, negligence or exaggerated claims of the plaintiff, or from other circumstances for which the defendants could not be justly held responsible.

A new trial is advised.

In this opinion the other judges concurred.