JOHN D. HAYDEN AND SABINA J. HAYDEN, PLAINTIFFS
IN ERROR, v. AARON WOODS, BY GEO. W. COVELL,
HIS NEXT FRIEND, DEFENDANT IN ERROR.

1. **Verdict not Sustained by Evidence.** Testimony examined and found not sufficient to sustain the verdict as to S. J. H.

2. **Tort:** VERDICT AGAINST TWO, INCORRECT AS TO ONE, WILL BE SET ASIDE. In an action against two or more charging them jointly with the commission of a tort, or wrong, if the evidence sustains the charge against one, but not as against the other, the verdict, as against the one against whom no proof is made, will, upon her application, be set aside and the judgment be permitted to stand as against the party proven guilty of the wrong which caused the damage.

ERROR to the district court for Otoe county. Tried below before POUND, J.

*E. F. Warren, D. T. Hayden,* and *J. C. Watson,* for plaintiff in error.

*Frank T. Ransom* and *T. B. Stevenson,* for defendant in error.

REESE, J.

This action was commenced in the district court of Otoe county by the defendant in error for damages resulting from personal injuries alleged to have been inflicted upon

him by the plaintiffs in error who are husband and wife. The petition contains five•counts or causes of action, of which the first four are for damages sustained by the defendant in error for several specific assaults alleged to have been committed upon him by the plaintiffs in error. The fifth count alleges that the plaintiffs in error during the years 1877 and 1878 " conspired against " the defendant in error " to assault and ill-treat him, and unlawfully and with force and violence did make an assault upon the said Aaron Woods in the winter of the years 1877 and 1878, the exact date of which assault plaintiff is unable to state, by forcibly compelling said Aaron Woods to go upon the prairie near defendants' farm in Otoe county, Nebraska, and into the fields, and to there herd cattle for defendants, barefoot, without sufficient clothing upon his body, during freezing and inclement weather of winter, so· that thereby the feet and hands of said Aaron Woods were frozen, and his health seriously impaired, and at night, when plaintiff returned from the fields, he was by defendants compelled to lodge in the barn and hog pens of defendants ; that the assaults in this cause of action stated were continuous and connected, and were in pursuance of the conspiracy aforesaid, and that by reason of the said assaults, and the freezing of his feet he was rendered lame and his health was broken down, and he was unable to do any manual labor for more than the space of one year following," to his damage, etc.

To this petition the plaintiffs in error answered jointly, denying the allegations of the petition, and alleging that defendant in error was " of vicious habits, very much given to the telling of falsehoods regardless of results," and denying that the said Sabina J. Hayden ever at any time touched the body of the defendant in error for the purpose of chastizing or punishing him, and alleging that the said John D. Hayden " corrected said Woods for misconduct only in the manner and to the extent that a prudent parent would

correct his own child, and only in the manner and to the extent that he had been requested and instructed by the father of said Woods to do." A trial was had resulting in a verdict in favor of the defendant in error. Separate, motions for a new trial were filed by the plaintiffs in error, which were each overruled and judgment entered on the verdict. Separate petitions in error are filed in this court, but as only one transcript is filed they will be treated together.

It is urged by counsel for the plaintiffs in error, that "the evidence adduced on the trial not only fails to connect Mrs. Hayden with either of the alleged assaults, but shows affirmatively that she was neither present at or par-ticipated therein or counseled or advised the same or either of them," and that there is no evidence to support the verdict as against her.

From a careful examination of all the evidence in the case we are unable to find any instance where Mrs. Hayden was present or took any part in any of the alleged assaults made upon the defendant in error by Mr. Hayden. It is true she knew of it in some instances, but the record wholly fails to show any active participation or any such action on her part as a promoter or encourager as would make her liable as a participant in the assault. The defendant in error testified in substance that she would always treat him well except that when Mr. Hayden returned home of evenings she would tell on him, and tell Mr. Hayden to whip him, which he usually did, but there is no intimation in the evidence that she sought or justified or approved any such assaults as are detailed by the testimony of the defendant in error. It is true he testified that when Mr. Hayden was away from home she would send him to the field in cold weather, thinly clad, to herd the cattle, but it is also shown that this was in obedience to the commands or general directions of Mr. Hayden. And as he had the legal right to give such instructions

and general directions, it can not be maintained that she would be liable for the damages resulting from exposure, while discharging the duties imposed by her husband, upon the defendant in error. It is fair to presume that the fifth count of the petition was based upon these facts, and did the evidence sustain the allegations of this count we should not disturb the verdict; but it does not. There is nothing to sustain the allegation of a confederation or conspiracy. It is claimed by the defendant in error that she was present during a certain day on which he was confined in a room of the house, by her husband, during a cold winter day without food or clothing, but the testimony wholly fails to show any action or conduct on her part which might be reasonably construed into even an approval of his conduct. True she did not interfere, but to do so, however commendable it might have been, was not necessary on her part in order to avoid liability under the facts of this case.

It is strongly insisted by the plaintiffs in error, that if the verdict as against the wife cannot be sustained then the husband is entitled to a new trial also, but in that we can not agree with the plaintiffs' counsel. If no other reason for the opposite rule could be assigned, we think one can be found in the separation of their motions for a new trial and their petitions in error, by which they have separated and severed their rights and interests. But to our minds it is clear that the results claimed by the plaintiffs in error do not necessarily follow. While it is true that the defendant in error by his petition has proceeded against both jointly, it by no means follows that the verdict must be against both or neither. The fifth count of the petition charges a conspiracy to do, and the doing of certain things, to the damage of the defendant in error, in pursuance of that conspiracy, and were this count standing alone as the sole cause of action, there would be force in the position of the plaintiffs in error. But the first, second, third, and fourth counts of the petition allege the commission of spe-

cific, aggravated assaults with no suggestion of a conspiracy, confederation, or common purpose.   A cause of action against both the plaintiffs in error is stated in each; the proof makes a case against one of the plaintiffs in error, but in our opinion not as against the other.   Could not the jury have found against one and not the other, and their verdict stand?   If so, why can not a new trial be granted to one and not the other?   A "judgment may be given for or against one or more of several plaintiffs, and for or against one or more several defendants;   *     *     * in an action against several defendants the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment may be proper."   Civil code, § 429. Tort feasors are jointly and severally liable.   An action may be maintained against one or all at the option of the injured party.   Several and separate judgments may be rendered in separate actions, but the satisfaction of one satisfies all, and to this extent only may their liability be said to be joint.

There was not sufficient evidence to sustain the verdict of the jury as against the plaintiff in error Sabina J. Hayden, and as to her the judgment is set aside, the decision of the district court upon her motion for a new trial is overruled and a new trial granted.   The judgment of the district court as to John D. Hayden is in all things affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.