JAMES C. SPARROW *vs.* EDWARD BROMAGE ET AL.

First Judicial District, Hartford, January Term, 1910.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

There is no apportionment of responsibility and no right of contribution or indemnity between joint tort feasors. They are all liable severally as well as collectively, and therefore a verdict against two or more, for an alleged joint tort, may be set aside as to one or more of them in respect to whom it is against the evidence, and sustained as to the others.

Should a case possibly arise in which the application of this principle might harm any of the defendants, it is to be presumed the trial court would exercise its authority to prevent the threatened injustice, by setting aside the verdict *in toto* and granting a new trial as to all of them.

In the present case the so-called chief of police of a town, and a patrolman who acted under his orders and authority, were sued jointly for false imprisonment, and a verdict rendered against them for damages. The trial court set this aside in respect to the patrolman, on the ground that the verdict was against the evidence, and rendered judgment on the verdict as against the chief of police. *Held* that under these circumstances no harm could possibly have resulted to the latter from the action of the court.

General Statutes, §§ 791, 792, prescribe that if no finding of facts or further action of the trial judge be necessary to present the questions of law, the appeal to this court shall be taken within ten days after the rendition of the judgment, otherwise within ten days after the filing of the finding. *Held* that an appeal taken within the time limited after the filing of the finding was not abatable upon the theory that it had not been seasonably taken, merely because the assignments of error ignored the finding and related solely to questions which were presented by the pleadings and judgment-file.

Argued January 6th—decided January 19th, 1910.

ACTION to recover damages for false imprisonment, brought to the Superior Court in Hartford County and tried to the jury before *Burpee, J.;* the jury returned a verdict for $800 against both defendants, which the trial court set aside as to the defendant Moore but allowed to stand as against Bromage, from the judgment on which he appealed. *No error*

*William M. Maltbie* and *William H. Leete,* for the appellant (defendant Bromage).

*William J. Reilley* of Northampton, Massachusetts, and *Edward L. Steele,* for the appellee (plaintiff).

PRENTICE, J.   The plaintiff in his complaint charges the two defendants, of whom Bromage was the chief of police of the town of Enfield, and Moore a patrolman under him, with having unlawfully imprisoned him, and seeks damages from them therefor.   A verdict of $800 was returned against both defendants.   They thereupon filed a motion for a new trial, upon the grounds that the verdict was excessive and against the evidence.   The motion was granted as to Moore, and the verdict against him set aside.   It was denied as to Bromage, and judgment entered against him for the amount of the verdict.   Bromage appeals, alleging that the court exceeded its power in taking this action.   The sole question presented relates to this contention, which is based upon the propositions that the court in rendering judgment departed from the verdict, and that the appellant was injured by the course pursued, since it could not be said that any judgment, or at least one for so large an amount, would have been rendered against him as a sole defendant.

Where two or more persons unite in an act which constitutes a wrong to another, intending at the time to commit it, or in doing it under circumstances which fairly charge them with intending the consequences which follow, they incur a joint and several liability for the acts of each and all of the joint participants.   1 Cooley on Torts (3d Ed.) 223; *Sheldon* v. *Kibbe,* 3 Conn. 214, 216; *Ayer* v. *Ashmead,* 31 id. 447, 453; *Chapin* v. *Babcock,* 67 id. 255, 256, 34 Atl. 1039; *New Haven Trust Co.* v. *Doherty,* 74 Conn. 353, 357, 50 Atl. 887.   There is no apportionment of responsibility, and no right of contribution or indemnity between them. 1 Cooley on Torts (3d Ed.) 226; *Bailey* v. *Bussing,* 28 Conn.

455, 457; *Whitaker* v. *Tatem*, 48 id. 520, 521. One may be sued severally, or any or all together. *Sheldon* v. *Kibbe*, 3 Conn. 214, 216. Where more than one is sued, a verdict or judgment may be rendered for or against any or all. *Wyeman* v. *Deady*, 79 Conn. 414, 417, 65 Atl. 129. Where judgment is rendered against more than one, it is in legal effect several as well as joint. The liability continues to be a several one. *Brockett* v. *Fair Haven & W. R. Co.*, 73 Conn. 428, 431, 47 Atl. 763; *Chapin* v. *Babcock*, 67 Conn. 255, 256, 34 Atl. 1039. The judgment may be reversed as against one or more and sustained as against others. *Wilford* v. *Grant*, Kirby, 114.

These well-settled principles as to the nature of the liability of joint tort feasors, and the legal effect accorded to legal processes to enforce that liability, lead logically and naturally to the conclusion that, when a verdict is returned against several, the court may deal with it in its further proceedings as it might with verdicts returned against each in separate actions. And so it has been held, although authority to the contrary may be found. 1 Black on Judgments (2d Ed.) § 207; *Hayden* v. *Woods*, 16 Neb. 306, 20 N. W. 345. Cases involving contract obligations, or concerning independent acts of negligence, of which several have been cited in support of the defendant's proposition, are obviously not in point. To so deal with the verdict and set it aside as to some, and not as to others, is not to depart from it in the rendition of a judgment upon it against those others. Such a judgment pursues it in its legal aspect as a several verdict against each.

But it is said that possible harm might result to those against whom a judgment is thus rendered, for the reason that they might be held charged with responsibility for the acts shown in evidence of those who are allowed to escape from the consequences of the finding of the jury upon the ground that a case had not been made out against them. A situation in which this would be possible would not be

the usual one.  It could only arise where a failure to satis-factorily establish a claimed joint action by tort feasors was a factor in it.  In such case, where harm of the kind sug-gested might be reasonably anticipated if a verdict was per-mitted to stand against only a part of the defendants un-successful before the jury, it is to be presumed that the court would exercise its authority to prevent the injustice, and order a new trial as to all thus threatened with injury. See *Washington Gas Light Co.* v. *Lansden,* 172 U. S. 534, 556, 19 Sup. Ct. Rep. 296.  But such a situation is by no possibility present in this case.  Whether the facts as claimed to have been established by the plaintiff or by the defendant be accepted, it is beyond question that if the defendant Moore performed any act of detention within the purview of the complaint he performed it under the au-thority of Bromage, his superior, and in direct co-operation with the latter.  They were inevitably joint actors in so far as Moore acted at all in the perpetration of the wrong of which the plaintiff complains.  Such being the case, no harm could possibly accrue to the appellant by the action of the court.  If Moore did not participate in the plaintiff's arrest and detention, there was nothing for the appellant to be charged with on Moore's account.  If he did partici-pate, then the appellant would be rightfully held responsi-ble for the consequences of his co-actor's acts, and he can be no more injured by Moore's escape, whether right or wrong, from a judgment, than he would have been had Moore not been joined in the action.  In this view of the matter, the following cases are not only suggestive, but distinctly pertinent.  *Wilford* v. *Grant,* Kirby, 114; *Harris* v. *Rosenberg,* 43 Conn. 227, 231.

The plaintiff filed a plea in abatement in this court, which upon demurrer was held insufficient.  The judgment was rendered in July.  In due time a request for a finding, in order that certain specified questions not apparent upon the record might be reviewed, was made.  The court filed its

finding on October 22d. The time for taking an appeal was thereupon extended, and the appeal taken within the time limited. The reasons of appeal passed over all questions dependent upon the finding for their presentation, and were limited to those above discussed. The claim made in support of the plea was that the defendant deprived himself of his right of appeal at the time when it was taken, when he incorporated in it no reason of appeal dependent upon the finding for its consideration. We held that no such result attended his final election of errors to be assigned, and that, in any event, the extension of time granted by the court gave to the defendant a right to appeal within the time limited, whatever the scope of that appeal might be. *New York, N. H. & H. R. Co.* v. *Illy,* 79 Conn. 526, 528, 65 Atl. 965.

There is no error.

In this opinion the other judges concurred.