# CASES ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ERRORS

### OF THE

# STATE OF CONNECTICUT.

---

THE PRESIDENT AND FELLOWS OF YALE COLLEGE *vs.*
THE CITY OF NEW HAVEN.

New Haven Co., June T., 1888. PARK, C. J., CARPENTER, PARDEE,
LOOMIS and BEARDSLEY, JS.

Before the common council of a city can legally require an owner of land
upon a street to construct a sidewalk, the city must construct the street
for the entire width at the proper grade.

Where a sea wall had been constructed by a city on the outer line of a
street through flats, but needed to be thoroughly repaired to make a
proper foundation for a sidewalk, and the common council, without
repairing the wall, ordered a sidewalk made, it was held that it could
not legally make such order.

The remedy of the adjoining owner in such a case is either to appeal from
the order and get it set aside, or to remain inactive, and on the city
making the walk and attempting to collect the cost of it, setting up the
illegality of the order.

But where in such a case the adjoining owner repaired the wall at a large
expense and constructed the sidewalk upon it, it was held that the
order to make the sidewalk could not be regarded in law as a request
on the part of the city to repair the wall at its expense, and that the
land-owner could not recover the cost of it from the city.

The order required each proprietor to construct a sidewalk in front of his
own land, not otherwise describing the portion of the walk to be built
by each. One of them repaired the wall and constructed the walk over
a space about forty feet beyond the established harbor line toward a
bridge. Held that if it was the duty of the city to have repaired the
wall and made the walk along this space, yet the party doing the work
must be regarded as having done it voluntarily, and could not recover
of the city for it.

But the ownership of the flats below high water mark, even though a lim-

itation had been put upon the right to wharf out, was a sufficient foundation for the order to construct the sidewalk.

The order required the walk to be laid " to the acceptance of the board of public works." Held that the fact that the wall was repaired by the abutting owner with the knowledge and without the disapproval of the board, was not sufficient to make the city liable.

[Argued June 18th, 1888—decided January 4th, 1889.]

ACTION to recover the expense incurred by the plaintiffs in repairing a sea wall which supported a street of the defendant city; brought to the Superior Court in New Haven County. The street in question ran through some mud flats to a bridge, and the wall supporting the sides of it was originally built by the city, the expense being in part assessed upon the abutting owners. The plaintiffs were abutting owners and the common council of the city ordered a sidewalk made along the street; and extensive repairs were necessary upon the wall, before the sidewalk could be laid upon a proper foundation. A second count was for the cost of both the reparation of the wall and the making of the sidewalk upon a part of the street which was outside of an established harbor line. The defendant demurred to the complaint, which set out all the facts, and the case was heard before *Fenn, J.* The court sustained the demurrer and rendered judgment for the defendant, and the plaintiffs appealed. The case is fully stated in the opinion.

*H. C. White,* for the appellants.

1. It was the duty of the city to repair the wall. The 31st section of the city charter (9 Special Laws, 287), makes the city of New Haven " a highway district " and vests in the common council " the sole and exclusive authority and control over all streets, highways and bridges, within the limits of said city," and exclusive power to make improvements and repairs. By section 40 the board of public works is given " the general superintendence, management and control " over all streets and sidewalks, and it also requires that they " shall cause the same to be kept at all times in good condition and repair." The duty of keeping the high-

ways and bridges in repair is also imposed by Gen. Statutes, §§ 2666 to 2669. The wall was built to protect a bridge approach and was thus practically a part of the bridge, which it was exclusively the duty of the city to maintain.

2. The common council, in giving the order to construct the sidewalk, constituted the plaintiffs the agents of the city to do its part of the work on the highway, and, by legal intent, authorized them to make such attendant highway repairs at the city's expense as might be necessary to make the improvement at least a reasonably good job, the only limitation being that they should construct such a sidewalk as should be accepted by the board of public works. The greater authority includes the less. It is a rule of construction that, in the absence of any proof to the contrary, the party giving directions intended to do what he was legally and equitably and reasonably bound to do, and in cases of doubt the construction is most strongly against the promisor. 1 Wait's Actions and Defences, 221. "It is a law maxim, *Verba intentioni debent inservire.* If the ordinary meaning of words renders a contract frivolous or ineffective, a deviation from the received sense is admitted to prevent such absurdity." Hence an agreement to assign mortgaged property was construed as an agreement to assign the notes, without which the transfer would be unavailable. *Bulkley* v. *Chapman*, 9 Conn., 7. So a contract to pay an allowance to *B* "so long as she remains my wife," was held to cover the period of her widowhood, on the ground that that was equitably if not actually the intent of the instrument. *Brown* v. *Slater*, 16 Conn., 192. In ordering a bridge to be constructed by a railroad company, the common council were to be understood as ordering the necessary approaches to be made. *Burritt* v. *City of New Haven*, 42 Conn., 200. But such order cannot throw the expense of such approaches upon the railroad company, if such expense properly belongs to the city. The repairs of highways upon and over the approaches to a bridge, if the necessity of such repairs in no way arises from the existence or operation of the road, and if they are such as would be needed independently of

the existence of the road, justly remain a charge upon the town or city. *City of New Haven* v. *N. York & N. Haven R. R. Co.*, 39 Conn., 132.

3. But conceding for the sake of the argument that the order did not contain such express authorization, we say an implied authority is raised by legal presumption from the facts set forth in the complaint, it being shown that the plaintiffs did the work in consequence of the order and without objection by the city authorities; and an implied promise by the city is also raised to pay the expense of the highway and bridge repairing. The presumption of law upon any given state of facts, in the absence of any proof to the contrary, is that everything which was said and done by the parties was said and done in view of and under their respective legal rights, obligations and relations. *Omnia presumunter rite et solemniter acta.* See *French* v. *Edwards*, 21 Wall., 147 ; *Booth* v. *Booth*, 7 Conn., 367 ; *West School District* v. *Merrills*, 12 id., 440 ; *Brownell* v. *Palmer*, 22 id., 119. Fraud, illegality and officiousness are not presumed. They must be proved as special defenses. And the duty of guarding against the usual, natural, and legal presumption from conduct is on the defendants. Parties who do not intend to be held to do what in the ordinary and reasonable course of business it appears they ought to do, must make that intention clearly apparent. As this court said in the case of *Wesley* v. *Mallory*, 41 Conn., 421, this is the rule " within the definition given by Chief Justice HOSMER, who says that an implied contract is that which reason and justice dictate, and which, therefore, the law presumes that a person has contracted to perform, and upon this presumption makes him answerable to such persons as suffer by his non-performance." The soundness of this rule is well illustrated by the case at bar, where, the plaintiffs' agent being dead, nothing can be shown in the *primâ facie* case except the facts and the conduct of the parties. With respect to the tenor of the interviews with the officers of the board of public works, upon whom is imposed by charter the supervision of highways and the duty " to keep them at all times

in good condition and repair," it is not incumbent on us to call those officials to testify. The omission of a party to call a witness which the other party might have called is no ground of presumption that the evidence would have been unfavorable. *Scovill* v. *Baldwin*, 27 Conn., 316. The alternative of the presumption for which we contend is a presumption that the officials of the board, at the interviews referred to, forbade the plaintiffs' agent to repair the wall; which is inconsistent with the admitted facts that the repairs were necessary and approved by them, and would imply that they refused, on the part of the city, to sanction repairs which it was legally and equitably bound to make. And it must be further presumed that the plaintiffs' agent thereupon agreed to make the repairs at the plaintiffs' expense, which (it being city work) he would have no legal power to do. Where an act is manifestly for the benefit of a person, his assent will be presumed from slight evidence. *Treat* v. *Treat*, 35 Conn., 215. "It is not necessary for the plaintiff to prove an express assent of the defendant in order to enable the jury to find a previous request. They may infer it from his knowledge of the plaintiffs' act and his silent acquiescence. And sometimes the jury may infer a previous request, even contrary to the fact, on the ground of legal obligation alone. Where there is a legal duty paramount to the will of the party refusing to perform it, there he is bound, notwithstanding any negative protestation." 2 Greenl. Ev., § 108. See also *Cobb* v. *Charter*, 32 Conn., 358, where money was recovered back which had been paid to release a chest of tools illegally attached. In *Day* v. *Caton*, 119 Mass., 513, which was a suit to recover half the cost of building a party wall, no express authority by defendant being proved, the court say: "If a party, however, voluntarily accepts and avails himself of valuable services rendered for his benefit, when he has the option whether to accept or reject them, even if there is no distinct proof that they were rendered by his authority or request, a promise to pay for them may be inferred. His knowledge that they were valuable, and his exercise of the option to avail him-

self of them, justify this inference. *Abbot* v. *Hermon*, 7 Greenl., 118; *Hayden* v. *Madison*, id., 76. And when one stands by in silence and sees valuable services rendered upon his real estate by the erection of a structure (of which he must necessarily avail himself afterwards in his proper use thereof), such silence, accompanied with the knowledge on his part that the party rendering the services expects payment therefor, may fairly be treated as evidence of an acceptance of it, and as tending to show an agreement to pay for it." In *Abbot* v. *Hermon*, 7 Greenl., 118, the plaintiff built a school-house by direction of persons assuming to be a committee, but who had no authority. After it was finished a school was kept in it for a short time with the knowledge and approval of the authorized school agent. The court say there was no express promise shown to pay the plaintiff for building the school-house, but, as it was decided in *Hayden* v. *Madison*, "if a man accept or knowingly avail himself of services done for him without his authority or request, he shall be held to pay a reasonable compensation for them." The use of the school-house was a legal acceptance of it, and a sanction of the plaintiffs' acts in completing it "equivalent, in its legal effect, to a previous request on the part of the school district." See also *Alford* v. *Belden*, 4 Conn., 461, which was decided upon facts much like those in this case.

4. All these considerations apply with special force to the fifty feet of sea wall which was within the harbor lines, that is, beyond the channel line to which the plaintiffs have the legal right of filling in or wharfing out. As to this part of the highway they were in no sense adjoining proprietors. In fact it did not even abut their property, but was simply a bridge approach and pertained exclusively to city interests and jurisdiction. The order to construct a sidewalk here was evidently made and executed under a mistake of fact by both parties as to the true location of the boundary line of the plaintiffs' proprietorship. Upon this part of the highway, therefore, we claim to recover for the expense of the sidewalk and curbing, as well as for the repairs of the wall.

*C. T. Driscoll*, for the appellee.

PARDEE, J. The complaint in this case presents the following facts:—About the year 1868 the town of New Haven, then having jurisdiction over the territory in question, constructed a highway, extending from East Pearl street to the Chapel street bridge over Mill River, as an approach to the bridge, and supported such portion of it as was laid upon the mud flats by a sea wall on the south side thereof. This is an extension of Chapel street. A reasonable proportion of the cost of both highway and wall was assessed upon and paid by the owners of the adjoining land. This territory came under the jurisdiction of the city of New Haven. In its court of common council the legislature has vested exclusive power over streets and bridges within its limits, with the duty of construction and maintenance.

The plaintiffs are owners of land adjoining the south side of the extension of Chapel street, together with such rights in the mud flats as follow the ownership of the adjacent upland.

In June, 1885, the court of common council ordered proprietors on either side of said extension to construct a sidewalk in front of their lands, respectively, to the acceptance of the board of public works. The wall required extensive repairs before the order could be carried into effect with a reasonable regard to the durability of the sidewalk.

After the passage of the order the plaintiffs through their agent had several interviews with the board. Thereafter they repaired the wall and laid the sidewalk with the knowledge and without the disapproval of the board.

The harbor line is fifty feet distant from the bridge. The city repaired the wall and laid the walk from the bridge to a point eight feet distant. The plaintiffs repaired the wall and laid the walk over the remaining space.

The first count is for money expended upon the entire wall; the second is for money expended within the harbor line.

The defendant demurred on the following grounds :—

1st. That the wall and walk adjoined the plaintiffs' land and they were in duty bound to construct the same. 2d. That the defendant neither employed the plaintiffs to construct them nor promised to pay them for doing it. 3d. That it was not the duty of the defendant to construct any part of the wall or walk, and it is not liable for the construction of any part of the same. 4th. That the plaintiffs were not required by the order to construct any more of the same than it was their duty to construct. The court sustained the demurrer and adjudged the complaint to be insufficient. The plaintiffs appeal.

Before a court of common council can legally require an owner abutting upon a street to construct a sidewalk in front of his premises, the city must construct the street for the entire width at the proper grade.

If a court of common council makes an order in reference to the construction of a sidewalk which requires the abutting owner to do something which it cannot legally require him to do, he can protect himself, first, by an appeal to the Superior Court and the procurement of a reversal; or, secondly, he can neglect to obey the order, and if the city should execute it and attempt to enforce payment therefor against him by legal process, he can interpose the illegality of the order as his defense. But if, without appeal, he executes the order, there is neither express nor implied promise upon the part of the city to reimburse him. Under such circumstances he is as a party to a cause permitting a judgment to stand against him without appeal. He is to be considered as having declared to the public that he would execute the work as ordered and at his own cost. And if any member of the board of public works had knowledge of such execution, he had the right to presume that he was doing the work in accordance with such declaration.

The plaintiffs, as owners of the upland, had, as against all other individuals, the exclusive right of wharfing out over the flats adjacent thereto, to the channel of an arm of the sea, subject to the paramount title in the state for the protection of the right of navigation. And although the state

had put a limitation upon their right to wharf, yet all that remained of practical value in the ownership was in them. This measure of ownership is a sufficient foundation for the order to construct the sidewalk.

Moreover, the order required each proprietor to construct a sidewalk in front of his land; leaving him to determine for himself the extent of his ownership. Inasmuch as, under this order unappealed from, the plaintiffs recognized the ownership of the flats as being in themselves and voluntarily constructed the walk over the same, they are without the right now to call upon the city to reimburse them.

There is no error in the judgment complained of.

In this opinion the other judges concurred; except CARPENTER, J., who dissented.