# CHARLESTON.

TOWN OF GASSAWAY v. KLEIN *et als.*

Submitted January 18, 1916. Decided January 25, 1916.

1. MUNICIPAL CORPORATIONS—*Powers—Paving of Sidewalks.*
    The council of any town subject to the provisions of Chapter 47 of the Code, has authority under Section 28 of that chapter "to order the sidewalks, footways, cross-walks, drains and gutters to be curbed and paved and kept in good order, free and clean, by the owners or occupants thereof, or of the real property next adjacent thereto." (p. 464).

2. PAVING ASSESSMENT—*Liability of Property Owner.*
    By Section 34 of Chapter 47, it is provided that, "If the owner or occupant of any sidewalk, footway or gutter, in said city, town or village, or of the real property next adjacent thereto, shall fail or refuse to curb, pave or keep the same clean, in the manner or
    77 W. Va.

within the time required by the council, it shall be the duty of the council to cause the same to be done at the expense of the city, town or village, and to assess the amount of such expense upon such owner or occupant, and the same may be collected by the sergeant in the manner herein provided for the collection of the city, town or village taxes.'' (p. 464).

3. MUNICIPAL CORPORATIONS—*Paving of Sidewalks—Costs—Liability of Owners.*

Acting on the authority conferred upon it by Sections 28 and 34 of Chapter 47 of the Code, the common council adopted an ordinance, requiring the owners and occupiers of real estate on the west side of Elk Street, between Third and Seventh Streets, to make brick or cement pavements on the sidewalks next adjacent to their property, according to the provisions of the ordinance and within fifteen days after notice of the ordinance shall have been served; and providing further that, ''In case any owner or occupier of the real estate hereinbefore mentioned shall refuse or fail to make the said pavement as herein required, the Superintendent of Roads, Streets and alleys shall cause the same to be done, and report the itemized cost of the same to the Council, which cost shall be charged to the said owners or occupier, and payment thereof enforced as town taxes are enforced.'' *Held:* That the town could not under this ordinance, nor under the statutes authorizing the ordinance, charge the owner of the real estate with expenses for grading, excavating, or stonework done in preparing the sidewalk for the pavement or curb. (p. 465).

4. SAME—*Paving of Sidewalks—Assessment—Liability of Owner.*

An assessment made by a town council, against a lot owner, charging him with the expenses for excavating, curbing, paving and stonework, as one entire account, done by the town under Sections 28 and 34 of Chapter 47 of the Code, is void, although a part of the account would be a valid demand if the owner of the lot had been given the opportunity to do the work and had refused or failed to do so. Before such an assessment can be binding on the lot owner or become a lien on his property, he must have had an opportunity to do the work which he could be required to do, and have refused or failed to do so. (p. 465).

Appeal from Circuit Court, Braxton County.

Suit by the Town of Gassaway against A. Klein and others. From decree for defendants, plaintiff appeals.

*Affirmed.*

*Jones, Murphy & Ballard,* for appellant.

*J. M. N. Downes,* for appellees.

MASON, JUDGE:

The town of Gassaway is a municipal corporation created by authority of Chapter 47 of the Code of this State, without special charter. Section 28 of said Chapter 47 authorizes the council of towns created by authority of said chapter to "order the sidewalks, footways, cross-walks, drains and gutters to be curbed and paved and kept in good order, free and clean, by the owners or occupants thereof, or of the real property adjacent thereto;" and Section 34 of said chapter provides, "If the owner or occupant of any sidewalk, footway or gutter of said city, town or village, or of the real property next adjacent thereto, shall fail or refuse to curb, pave or keep the same clean, in the manner or within the time required by the council, it shall be the duty of the council to cause the same to be done at the expense of the city, town or village, and to assess the amount of such expense upon such owner or occupant." Section 36 of Chapter 47 makes such assessments liens on the real estate, and authorizes the council to enforce the liens by suit in equity.

Acting upon the authority conferred on the said town, the common council of the Town of Gassaway adopted the following ordinance March 5, 1908, namely: "Be it ordained by the Common Council of the Town of Gassaway that it is hereby declared necessary to have a brick or cement pavement on the side walk on the West side of Elk Street between Third and Seventh Streets, and the owners and occupiers of the real property next adjacent thereto are required to make the same according to the provisions of the ordinances of the town and the specifications herein provided, and within fifteen days after the notice of this ordinance shall have been served on the said property owners and occupiers. The said pavement shall be made and constructed of the materials and in the manner following: the said pavement shall be made of good hard brick, properly laid in 2 in. of sand, on a base of 6 in. of gravel or concrete; curb shall be made and set in accordance with Section 18, Chapter 6; paving shall be done as prescribed by Sections 19, 20, 21 & 22, of Chapter 6 of the ordinances of this town. In case any owner or occupier of the real property hereinbefore mentioned shall refuse or fail

to make the said pavement as herein required, the Superintendent of Roads, Streets and alleys shall cause the same to be done, and report the itemized cost of the same to the Council, which cost shall be charged to the said owners or occupier, and payment thereof enforced as town taxes are enforced.''

The defendants owned three lots fronting on said street, and did not have the work required by the council done. The work was done at the expense of the city, and an assessment made against the defendants for $1067.27, and this suit brought to enforce collection of the same.

The bill alleges the authority of the town council; the adoption of the ordinance; the failure of the defendants to comply; the work done at the expense of the town; notice to the defendants; avers the ownership by the defendants of the lots of ground Nos. 37, 38, & 39, on said street; and alleges that the cost of the said work was $1067.27, and asserts a lien for the same on the said lots. There is exhibited with the bill, and as part thereof, a statement showing the items which make up said sum of $1067.27, which is as follows: For excavating 609 cubic yards at 35 cents per yard; for curbing 105 lineal feet at 80 cents per foot; for paving 150 square yards at $1.30 per yard; for 121.1 square yards stone work at $4.75 per yard; total $1067.27. This, therefore, charged the defendants for excavating 609 cubic yards at 35 cents per yard, $213.15; and for 121.1 yards of stone work at $4.75 per yard, $575.22; the two items amounting to $788.37. The defendants filed a demurrer to the bill, and among other causes of demurrer pointed out specially the said two items as erroneous charges, claiming that the law under which plaintiff proceeded, contemplates that the grading shall be done by the town, and that the defendants are liable for curbing and paving only, and not for exvacations and stone work.

The court sustained the demurrer and gave the plaintiff until the next term of court to amend its bill. At the next term of court, the plaintiff failing to amend its bill, the suit was dismissed, and plaintiff appealed to this court.

Section 28 of Chapter 47 of the Code gave authority to the plaintiff to require the paving and curbing to be done as was required by said ordinance of March 5, 1908. The town also had authority under Section 34 of said chapter, in case of the

failure or refusal of the owner or occupier of the sidewalk, or of the real estate next adjacent thereto, to curb or pave the same within the time required by the council, to cause the same to be done at the expense of the town and assess the amount of such expense upon the owner or occupant.

But the authority of the town is limited to the expense for curbing, paving and keeping the same clean, and does not authorize the town to have excavating, filling, or stone work done, and charge the expense of the same to the owner of the adjacent real property. "It has been held that authority conferred by statute to require the property owner to build and maintain a suitable sidewalk does not confer authority upon the city to require the property owners to remove embankments, or to fill in depressions, to bring the grade of the sidewalk to the established grade of the street." 3 Dillon on Municipal Corporations, (5th ed.), sec. 1147. "Under an act of the Legislature which gives a municipal corporation a lien on lots for the construction of a sidewalk or pavement, and an ordinance of the corporation making it the duty of the owners of the lots to construct 'a good and substantial sidewalk or foot-pavement,' and, in case of failure, making it the duty of the city officers to construct such sidewalk, the corporation is entitled to a lien for the cost of a sidewalk and curbing, but not for the cost of an embankment or fill to bring the grade of the sidewalk to the established grade of the street, nor for the cost of lowering a fence and repairing a porch on the lot." *Smith* v. *St. Louis Mut. Life Ins. Co.*, 3 Tenn. Chy. 631. "Under the act of March 21, 1885, sec. 3, which gives the cities of the first class power to require owners of real estate 'to build and maintain suitable pavement or sidewalk improvements,' such cities have no power to require property owners, before laying pavements, to remove embankments or fill in depressions, wherever necessary to bring the grade of the sidewalk to the established grade of the street, and an ordinance for the laying of a pavement in a prescribed territory which imposes upon a portion thereof the burden of doing substantial grading is, as to the locality thus affected, unreasonable and void." *Little Rock* v. *Fitzgerald*, 59 Ark. 494.

Clearly the item of $213.15 for excavating, and the item of

$575.22 for stone work, are erroneous charges against the defendants, and should be struck from the account. There would still be left in the account, the item of $84.00 for 105 lineal feet of curbing at 80 cents per foot, and $195.00 for 150 square yards of paving at $1.30 per square yard. Can the plaintiff recover for these items? The conditions upon which the town can have such work done and charge the expense to the lot owners, are that the manner and time of doing the same shall be fixed by the council, and if the real estate owners fail or refuse to do the same in the manner and within the time required by the council, then the expense may be charged to such owners. The owner of the real estate would have the privilege of doing the work, and only in case of his failure or refusal to do so, can the expense be charged against him or his property. The ordinance required the property owners to have the sidewalks and pavements made within fifteen days after notice of the ordinance was served upon them. There is no allegation in the bill, nor is there any pretensions that the sidewalk was ready for the pavement when it is alleged the notice was given; on the contrary, the account for the work before referred to, containing the items for excavating and stone work, clearly indicates that the sidewalk was not ready for the pavement or the curb; hence the defendants could not have exercised their option to do the work themselves. They have never had the opportunity to do the work which they can legally be required to do, and until they shall have had this opportunity, and shall have failed or refused to comply with the ordinance, no legal assessment can be made against them. Under the circumstances, the town had no authority for assessing any amount against the defendants, and the circuit court did right in sustaining the demurrer and dismissing the bill.

We affirm the decree of the circuit court.

*Affirmed.*