# CHARLESTON.

Town of New Martinsville *v.* Joseph Shiben

(No. 6552)

Submitted January 21, 1930.   Decided January 28, 1930.

*Willis & Ball,* for plaintiff in error.

*W. J. Postlethwait,* for defendant in error.

HATCHER, JUDGE:

This is an action to recover the cost of paving a sidewalk in front of defendant's property. The work was done by the town under an ordinance which provides that the town shall establish the grade for pavements, notify and require property owners to lay the paving, and, if after a reasonable time an owner fails to do so, lay the pavement at the owner's expense. Upon a demurrer to the evidence and a conditional verdict of the jury, the circuit court entered judgment for the plaintiff.

Defendant's property had a frontage of one hundred and eighteen feet, which was on the established grade, except for a distance of twenty feet which sloped until the lower end was 2½ to 3 feet below the grade. In the autumn of 1927 the town erected a board wall to grade height along the sloping portion at defendant's property line and put in curbing forms along the street; but did not fill in the slope. The town then notified the defendant to begin paving the sidewalk with class A concrete within ten days. Later the width of the walk was changed and in November, 1927, the town served defendant with a corrected notice to pave. Cold weather prevented paving until spring. On April 11, 1928, a third notice to pave was given defendant. He took no steps to comply therewith, and on May 9, 1928, the town brought the twenty feet to grade and paved the entire one hundred and eighteen feet. The defendant was present at different times during the day and discussed the work with the contractor. He not only made no protest, but informed the contractor that "he wanted a good job done." The cost of bringing the twenty-foot section to level, etc., was separated from the rest of the work and the defendant was assessed only with the cost of paving the one hundred and eighteen feet, which was $184.88.

The defendant contends that it was not his duty to lay the walk until after the town had prepared the grade; that the

grade was not prepared until May 9th; that no notice or opportunity to do his part of the work was given him after the grade was prepared; and that the assessment is void because the work was done without proper notice.

His contention is based on the principles announced in *Gassaway* v. *Klein,* 77 W. Va. 461, and *Fry* v. *Ronceverte,* 93 W. Va. 388. We are committed to those principles and have no inclination to depart therefrom. See *Yale College* v. *New Haven,* 57 Conn. 1, 8; Cooley's Const. Lim., (8th Ed.), Vol. 2, p. 1077 (note 3); 44 C. J., 206. The facts in this case, however, render the foregoing authorities inapplicable. It is common information that concrete pavements are properly constructed in sections. Ninety-eight feet of defendant's frontage was at grade and seemingly ready for paving when the notices were served. No reason appears why defendant should not have complied with the notices as to the ninety-eight feet had he so desired, leaving the twenty-foot sloping section until it was brought to grade by the town. The twenty-foot section was a very small per cent of the entire frontage. It was clearly separable from the rest of the work. Because it was below grade prior to May 9, 1928, does not justify his refusal to pay for the pavement on the ninety-eight feet which were at grade. His failure to pave the portion at grade, his knowledge of the work as it progressed on May 9th, and his admonition to the workmen to do a good job, clearly negative a desire on his part to pave the twenty-foot section and indicate a waiver of his personal right to do so after it was brought to grade on that day. Further notice was therefore unnecessary, and his defense as to the twenty-foot section is also unavailing.

The judgment of the circuit court is accordingly affirmed.

*Affirmed.*