ISAPHENE HILLHOUSE *vs.* THE CITY OF NEW HAVEN.

New Haven & Fairfield Cos., Oct. T., 1892. ANDREWS, C. J., CARPENTER, TORRANCE and FENN, Js.

The charter of the city of New Haven gives the city a lien on any land abutting on a public street, the owner of which shall "neglect to perform the thing or things required by an order of the common council for the making, raising, grading, paving or flagging any sidewalk in the city adjacent to said land." Held that where the adjacent land is above or below the level of the street it is the duty of the city to grade the entire width of the street, and that it cannot require the adjacent owner to grade the ground for his sidewalk to the level of the roadway.

[Argued October 28th—decided November 21st, 1892.]

SUIT to set aside a lien claimed by the defendant city upon land of the plaintiff; brought to the Superior Court in New Haven County. The defendant demurred to the complaint, and the court (*J. M. Hall, J.,*) overruled the demurrer, and, the defendant not pleading further, rendered judgment for the plaintiff. The defendant appealed.

*C. T. Driscoll* and *F. S. Bishop*, for the appellant.

*H. C. White* and *L. M. Daggett*, for the appellee.

FENN, J. The sole question in this case, presented by demurrer to the plaintiff's complaint, overruled by the Su-

perior Court, final judgment rendered, and appeal by the defendant, is whether a lien filed by the defendant on land of the plaintiff for expense of grading that portion of a new street over the land upon which a sidewalk was ordered to be constructed, and which required to be cut down ten to twelve feet lower than the original grade of the plaintiff's land, which grading the plaintiff was ordered but refused to do, is valid.    That is, whether, under the charter of the city of New Haven, the plaintiff could lawfully be required, at her own expense, to do such grading.    The charter, which is a public act, (9 Private Laws, p. 299, sec. 52,) provides, among other things, for the placing of a lien on the land of any proprietor of land or buildings fronting on any highway or street in the city who shall " neglect or refuse to perform the thing or things required by an order of the court of common council, for the making, raising, *grading*, paving or flagging any sidewalk or gutter in said city, adjacent to said land or building, in the manner and within the time specified in such order."

It is the claim of the defendant that this is not a new question in this state ; that " under charter provisions similar to that of New Haven, occupants of abutting lands have been required at their own expense to grade and construct sidewalks ; " and the case of *Lewis* v. *City of New Britain*, 52 Conn., 568, is cited and relied on as conclusive upon the point; while it is said that the remark in *Yale College* v. *City of New Haven*, 57 Conn., 8, indicating "that it is the duty of the city to grade for a sidewalk," is an obiter dictum, and that it is " directly in conflict with the opinion in the case of *Lewis* v. *City of New Britain*, which was neither overruled nor reviewed."    In *Yale College* v. *City of New Haven* this court said :—" Before a court of common council can legally require an owner abutting upon a street to construct a sidewalk in front of his premises, the city must construct the street for the entire width at the proper grade."    This is an explicit utterance, made in a recent case, in which the present defendant was a party, in which a similar order to the one now under examination, passed by the

court of common council in that city, was the basis of the contention. It was well considered. It was not an obiter dictum, in any fair sense, and it ought to have satisfied the defendant concerning the law. Since it did not, we reiterate it, and further say that it is not in conflict with the cases cited or with any other utterance of this court. In *Lewis* v. *City of New Britain*, the court, PARK, C. J., merely states that it appears by the charter of the city of New Britain (doubtless, as the defendant says, similar to its own,) that "the owners of land adjoining the public streets may be compelled, at their own expense, to grade the front of their lands for sidewalks, and to curb, flag or pave the sidewalks, in such manner as the common council shall direct." And it is further said that "this requirement of the charter was doubtless based upon the consideration that such owners will receive special benefits from such walks, in addition to the common benefit which they will receive as members of the public, and upon the further consideration that if the city should pay such expense the owners of such lands would have to pay in additional taxes a sum nearly equal to such expenses."

Now in reference to this decision, so confidently relied upon by the defendant, two things are to be noticed. First, that the court had no occasion to draw the line of distinction, stated in *Yale College* v. *City of New Haven*, between such grading as is involved in the construction of the street "for the entire width at the proper grade," and such as is incident to the construction of the sidewalk upon the sides of such street, and at the required level above the roadway, since either would be grading, though the latter would be, more strictly speaking, what the charter prescribed, *a grading for sidewalks*. And second, that the latter alone was in the mind of the court, as is manifest from the language quoted, in which the consideration upon which the requirement of the charter was presumed to be based is stated, namely, a distribution of burdens in proportion to benefits; since, as Judge COOLEY says in his work on Constitutional Limitations, 630, "lots above and below an es-

tablished grade are usually less benefited than the others, because the improvements subject them to new burdens in order to bring the general surface to the grade of the street, which the others escape." So that if the contention of the defendant were sanctioned and such construction put upon the language of the charter as it contends for, he to whom the improvements would be of the least benefit would be subjected to the greatest expense in making them. He whose land was above or below an established grade would have to excavate or fill to that grade, and in addition thereto do all that one whose land corresponded to such grade was required to do in the construction of sidewalks.

There is no error in the judgment complained of.

: In this opinion the other judges concurred.