IDA M. McGAR, ADMINISTRATRIX, *vs.* THE BOROUGH OF BRISTOL.

First Judicial District, Hartford, March Term, 1899. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Damages recoverable for a change of grade in the highway include such as may result from a change in that of the sidewalks.

Personal inspection of real estate, made by the trial judge at the request of the parties, is evidence of its location and condition as fully as if these were presented to his consideration through descriptions given by witnesses under oath.

Any direct damages, peculiar to the landowner, are "special," within the meaning of General Statutes, § 2703, authorizing a recovery of special damage caused by a change in grade of a highway.

The admissibility of a photograph in evidence does not depend upon its verification by the photographer, provided it is shown to be an accurate representation by any one competent to speak from personal observation. The sufficiency of the verification is a preliminary question of fact for the decision of the trial judge.

One erecting his house on the summit of a ridge which crosses a highway is not estopped from claiming under the statute damages caused

McGar, Admx., *v.* Bristol.

by a reduction of the grade, upon the ground that such change ought to have been foreseen.

Any elevation or depression of the natural surface of an established highway which has never been brought to a uniform grade, resulting from an attempt to establish such a grade, is a change of grade which, if injurious, will support an action.

Argued March 8th—decided March 30th, 1899.

ACTION to recover special damage to premises claimed to have been caused by a change of grade in abutting highways, brought to the Court of Common Pleas in Hartford County and tried to the court, *Case, J.;* facts found and judgment rendered for the plaintiff for $200 damages, and appeal by the defendant for alleged errors in the rulings and findings of the court. *No error.*

The finding stated these facts: The plaintiff in 1894 owned a lot on the corner of Prospect and Henry streets in the defendant borough, on which were one house fronting on the former and two fronting on the latter. The Prospect street house stood on a knoll, which was the end of a ridge over which Prospect street passed. The well-settled grade of the street followed the natural contour of the land, which was undulating, but nowhere rose as high as the knoll. In 1894 the borough straightened and widened Prospect street by due proceedings under its charter, and benefits were assessed against the plaintiff on account thereof. No change in grade was then made, but in 1895 the grade of the street was changed, and without first establishing any grade in the manner provided by the borough charter. At this time the borough reduced the inequalities in the surface of the street, and cut off the top of the ridge, near the front of the plaintiff's house, this cut being about two feet deep at that point. Her sidewalk had been higher than the roadbed, from which steps led up to it and another short flight of steps broke the slope from the sidewalk to the house. The borough lowered the sidewalk by more than five feet, to the new grade of the street. The house was so near the sidewalk that this made it necessary to construct a new flight of steps in the door-yard, and the effect of the changes was to depreciate the market value

of the plaintiff's property and give the place an unsightly appearance.

The plaintiff asked the borough to take proceedings under its charter to assess damages and benefits on account of these changes, but it refused. She then paid the previous assessment against her, and brought this suit.

During the trial, the court, at the request of both parties, viewed the premises, and at this time observed the condition of the streets.

Two photographs of the house, one taken before and one after the change of grade, were introduced, with testimony as to their accuracy. That of the photographer was not introduced, on account of which the defendant excepted.

The defendant claimed that the question to be passed upon, and which must determine the judgment of the court, was "the market value of the premises just before and just after the changes found, taking into account the damages suffered on account of the changes and the benefits received on account thereof, and that in considering this, the changed condition of the street, both in front of and extending in either direction from the plaintiff's premises, must be taken into account." The court accepted this as a correct statement of the law, "with the reservation that the bearing of the 'changed condition of the street,' at points other than in front of the plaintiff's premises, upon the question of benefits, is a matter dependent in every case upon the circumstances and conditions peculiar to it."

Sundry exceptions were taken to the finding, and to the refusal to incorporate therein certain matters which the defendant claimed to be material and established facts.

*John J. Jennings,* for the appellant (defendant).

*Noble E. Pierce,* for the appellee (plaintiff).

BALDWIN, J. The plaintiff's right of action is purely statutory. General Statutes, § 2703. The damages recoverable for a change of grade in a highway include such as may

result from any change in that of the sidewalks. These, when constructed on the highway, form a part of it, and it is within the discretion of the municipal authorities whether they shall or shall not be maintained on the level of the road-bed traveled by vehicles. To change their grade is to change in part that of the highway, although in other respects it may be left unaltered. *Hillhouse* v. *New Haven*, 62 Conn. 344.

An injury from changes of this character was alleged in the complaint, and is established by the finding. It is contended that it was found without evidence. The view of the premises taken by the court, in connection with the testimony as to their previous condition in respect to the means of access to the street, amply sustains it. When parties to a cause affecting real estate request the trier to visit it for a personal inspection, its situation and state, as well as its surroundings so far as they may be material to the issue, are as fully in evidence as if they had been presented to his consideration through descriptions given by witnesses under oath.

The claim that the " special damages " for which the statute authorizes a recovery, were not pleaded with sufficient particularity, has no merits. Any direct damages, peculiar to the plaintiff, are special, within the meaning of the statute, and will support an action. *Platt* v. *Milford*, 66 Conn. 320.

The photographs of the premises were not inadmissible for want of the testimony of the photographer. The object for which they were offered was to picture to the court how the premises in question looked before and after the change of grade. Evidence that the representation was accurate could be supplied by any one competent to speak from personal observation. The plaintiff's husband testified that the photographs represented the house in question, and this was enough if it convinced the court. The sufficient verification of a photograph is a preliminary question of fact to be decided by the trial judge. Its weight as evidence may depend largely upon extraneous circumstances.

The borough claims that, by placing her house on the summit of a ridge which crossed the road, the plaintiff was estopped from any recovery for a reduction of grade, the

necessity of which she ought to have foreseen. This point of view is countenanced by the common law; but the statute applies wherever damage has been done, without regard to whether the alterations which caused it could have been reasonably anticipated. *Fellowes* v. *New Haven*, 44 Conn. 240, 257.

The evidence certified for our consideration under the exceptions to the finding is sufficient to support every fact found, which is material to the judgment. Some of these facts were inferred from other facts or from the personal observation of the court when viewing the premises, but in no instance where the inference was not a legitimate one. Others, as to which there was conflicting testimony, were found against that of the greater number of witnesses, but it is settled by repeated decisions of this court, that such conclusions will not be reviewed on appeal. *Thresher* v. *Dyer*, 69 Conn. 404.

Particular complaint is made that there was no evidence that the original grade of the street was " well settled," whereas the surface was so uneven as to constitute no grade at all. The description of its character given by these words is quite immaterial. The term " grade " is used in the statute, not to signify a level precisely established by mathematical points and lines, but the surface of the highway as it in fact exists. Any elevation or depression of this surface by the municipal authorities, resulting from an attempt to establish a grade, is a change of grade, which, if damages result, will support an action.

There is no error.

In this opinion the other judges concurred.