MARY J. BIRDSEYE ET AL. APPEAL FROM PROBATE.

Third Judicial District, New Haven, January Term, 1905.
BALDWIN, HAMERSLEY, HALL, PRENTICE and SHUMWAY, Js.

The action of the trial judge in setting aside a verdict as against the evidence will not be disturbed on appeal, unless it appears from the record that he has mistaken the law defining the limits of his discretion, or has manifestly abused that discretion.

The evidence in the present case reviewed, and the action of the trial court in setting aside the verdict sustained.

The burden of proving that a will was obtained by undue influence rests upon those who attack the validity of the instrument upon that ground, unless the person charged with having exerted such influence is a legatee who stood in a confidential relation to the testator.

Argued January 25th—decided March 9th, 1905.

APPEAL from a decree of the Court of Probate for the district of Bridgeport admitting to probate a certain written

instrument as the last will of Ann Bohan of Bridgeport, deceased, taken to the Superior Court in Fairfield County and tried to the jury before *Roraback, J. ;* verdict in favor of the contestants, which the court, upon motion of the executor, set aside as against the evidence, and appeal by the contestants. *No error.*

Ann Bohan died at Bridgeport December 24th, 1902, after an illness of some three weeks. December 15th, 1902, she made a will; December 18th, 1902, she made another will. The latter will was admitted to probate by the Court of Probate for the district of Bridgeport on January 21st, 1903. Mary J. Birdseye, and her daughter Mary T. Birdseye as executrix and legatee under the first will, appealed from this order to the Superior Court. The reasons of appeal were, (1) the will was not legally executed; (2) the testatrix did not have testamentary capacity; and (3) the will was procured through undue influence. The jury returned a verdict finding the issue for the appellants, and that the will in question was not the last will and testament of Ann Bohan. The court (*Roraback, J.*) set the verdict aside and ordered a new trial. The appeal to this court assigns as the only reason of appeal, that the Superior Court erred and mistook the law in setting aside the verdict and granting a new trial.

*Henry C. Stevenson* and *Clifford B. Wilson,* for the appellants (contestants).

*Stiles Judson, Jr.,* and *Henry E. Shannon,* for the appellee (the executor).

HAMERSLEY, J. The supervision which a judge has over the verdict is an essential part of the jury system, and the power of granting new trials for verdicts against evidence is vested in the trial courts. *Bartholomew* v. *Clark,* 1 Conn. 472; *Bissell* v. *Dickerson,* 64 id. 61. When error is claimed in the exercise of this power, great weight is due to the ac-

tion of the trial court, and every reasonable presumption should be made in favor of its correctness. *Loomis* v. *Perkins*, 70 Conn. 444, 446 ; *Howe* v. *Raymond*, 74 id. 68, 71 ; *Uncas Paper Co.* v. *Corbin*, 75 id. 675, 678. A court has some discretion in the matter of a new trial, but it is a legal discretion. It should not set aside a verdict where it is apparent that there was some evidence upon which the jury might reasonably reach their conclusion, and should not refuse to set it aside where the manifest injustice of the verdict is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that they or some of them were influenced by prejudice, corruption, or partiality. *Burr* v. *Harty*, 75 Conn. 127, 129 ; *Fell* v. *Hancock Mutual Life Ins. Co.*, 76 id. 494, 496. When the action of a trial court can reasonably be regarded as within the limits of this discretion, it should not be disturbed upon appeal. The question of law presented upon appeal from the decision of a trial judge awarding a new trial for verdict against evidence, necessarily involves a consideration of the sufficiency of the evidence, as it appears in the printed record, to support the verdict, making all due allowance for the oftentimes controlling evidential matters appearing in the trial and known to the judge and jury but which do not appear in the report of the evidence ; nevertheless, the real question of law is, does it appear that the trial judge has mistaken the law defining the limits of his discretion, or manifestly abused that discretion? *Loomis* v. *Perkins*, 70 Conn. 444, 447.

The record in the present case fails to show that the trial judge, in granting a new trial, either mistook the limits of his legal discretion or abused the power vested in him. The proponents of the will were bound to prove its legal execution and the testamentary capacity of the testatrix. It appears that the execution of the will was proved beyond question, and also the testamentary capacity of the testatrix.

The appellants contesting the will were bound to prove

the exertion of undue influence in procuring the will.   The
persons charged with exerting undue influence did not stand
in that relation of confidence to the testatrix which requires
a legatee occupying such relation to assume at the outset the
burden of proving that his influence did not overcome the
free agency of a testator (*Dale's Appeal*, 57 Conn. 127.
144), and the rule requiring a person sustaining confidential
relations to a testator to assume such burden of proof ap-
plies only to a person beneficially interested under the will.
*Livingston's Appeal*, 63 Conn. 68, 78.   The only persons
by whom any undue influence could have been exerted were
Father Nihill—who was not the spiritual adviser of the
testatrix—who had been sent for by her to tell her about a
charitable organization with which he was connected but in
which he had no pecuniary interest, and who received under
the will the legacy of an armchair; Dr. Monahan—named
in the will as executor—who had been called to attend the
testatrix during her last illness and had no previous ac-
quaintance with her, and received no legacy ; and Mr. Corr
—the lawyer who drafted the will and had no interest in
any kind in the disposition made of her property.   These
persons were the only ones present immediately before the
execution of the will, and were produced as witnesses.
They testified fully as to all that took place between
them and the testatrix, and the facts as stated by them
clearly disproved any undue influence.   There was no
testimony directly challenging the testatrix's freedom of
action.   The testatrix was about eighty years of age ; had
lived in Bridgeport fifty years or more, and had accumu-
lated from the savings of her earnings as a domestic servant
and work of a similar character property consisting of a
piece of land valued at about $1,500, and deposits in savings
banks amounting to about $13,000.   She had no known
relatives, and if she had died intestate her property would
have escheated to the State or gone to unknown relatives
in Ireland.   She had been a member and supporter of the
Roman Catholic Church, and according to all the testimony
it had been for some time before her death her wish and in-

tention to give her property to Roman Catholic charities. During her early life she had been for some years a servant in the family of Mrs. Birdseye's (one of the appellants) mother, and since that time had worked occasionally in the family, and there had always existed the intercourse and friendly feeling between Mrs. Birdseye and her family and the testatrix natural under such circumstances. For sometime before her death the testatrix had expressed the intention of leaving her parlor furniture, or other of her belongings, to Mrs. Birdseye or her daughter. This settled purpose of leaving the bulk of her property to Roman Catholic charities, and her parlor furniture or other personal remembrance to the Birdseyes, was carried out by the will in dispute.

In view of these facts the testimony plainly furnishes no support for the claim of undue influence, unless it can be found in the inference sought to be drawn from the fact that three days before the execution of her will the testatrix made another will in which Mrs. Birdseye and her daughter are mentioned as executrix and legatee. Such fact might tend to support an inference of undue influence if it involved a sudden and otherwise unaccountable change of purpose. It is clear that this condition did not exist. It seems to us patent from all the testimony, including that of the appellants, that both wills were executed in furtherance of the testatrix's admittedly settled purpose, namely, that none of her property should go to the State or to unknown relatives; that the Birdseye family should be remembered in the gift of some personal belongings, and that the bulk of her property should go to the support of Roman Catholic charities. The first will leaves the accomplishment of this purpose in doubt, if it does not involve the escheat of the main part of her property to the State, or its distribution as intestate estate; the second will expresses the purpose clearly. It appears that directly after the execution of the first will the testatrix became dissatisfied with it for fear it did not express her purpose with sufficient clearness, expressing her dissatisfaction to Mrs. Birdseye

and others, and it seems not improbable that the making of the second will was the natural result of the testatrix's dissatisfaction with the first, and that the will was made by her for the purpose of giving effect more certainly to that general intent as to disposition of her property which she had wished to accomplish in making the first will. Upon inspection of the whole record we are not satisfied that the trial judge could not properly have been convinced, in the course of the trial as conducted by him, that an injustice would be accomplished if the verdict of the jury were accepted and a judgment rendered thereon; that the verdict was against the evidence, and so palpably against the evidence as to warrant his belief that the jury had either failed to apply to the facts the law as stated to them by the court, or had acted under the influence of some controlling prejudice.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.