WILLIAM E. WYEMAN *vs.* JOHN M. DEADY ET AL.

*Third Judicial District, Bridgeport, October Term, 1906.

BALDWIN, HAMERSLEY, HALL, PRENTICE and THAYER, Js.

The action of the trial judge in refusing to set aside a verdict as against the evidence, will not be disturbed on appeal if 'it appears from the printed record that there was some evidence upon which the jury could reasonably have based their verdict and could properly have awarded damages to the amount named therein.

To deprive a workman of his employment by threatening and intimidating his employer, and thereby securing his discharge, is a criminal offense under General Statutes, § 1296.

In a civil suit against a labor union and its business agent or walking delegate, to recover damages for such a wrong, the gist of the action is the injury to the plaintiff workman caused by the unlawful acts of the defendants in procuring his dismissal by threatening and intimidating his employer; and therefore allegations of conspiracy and of malice are not essential, and, if made, need not be proved. To entitle the plaintiff to a verdict against both defendants, all that is necessary is that he should prove they were joint tort-feasors in the commission of the alleged threats and acts of intimidation which resulted in his dismissal.

The jury awarded the plaintiff $425, which was considerably more than his regular wages would have amounted to during his enforced absence from work. *Held* that this was not necessarily excessive, inasmuch as punitive damages might have been assessed even against the union, if it had directed its codefendant to do the particular acts complained of, or if it afterward approved them; and furthermore, because the jury might have found, as alleged, that the plaintiff had sustained other injury to his business than that occasioned by the loss of employment.

The evidence in the present case briefly reviewed and *held* to have afforded a reasonable ground for the conclusions reached by the jury.

Argued October 30th—decided December 18th, 1906.

ACTION to recover damages for preventing the plaintiff from working at his trade and from obtaining employment, brought to the Superior Court in Hartford County and tried to the jury before *Ralph Wheeler, J.;* verdict and

---

*Transferred from the first judicial district.

judgment for the plaintiff for $425, and appeal by the defendants from the refusal of the trial court to set aside the verdict as against the evidence. *No error.*

*Benedict M. Holden,* for the appellants (defendants).

*Walter S. Schutz* and *Stanley W. Edwards,* for the appellee (plaintiff).

HALL, J. The amended complaint in this action contains substantially these allegations :—

The plaintiff is a painter, decorator, and wood finisher, and as such has been in the employ of David R. and Frank M. Hawley, who are painters and contractors. The defendant, the Painters, Decorators & Paper Hangers of America, Local Union No. 481, a voluntary association located in Hartford, is a trade union whose proceedings are secret, and which is organized for the purpose of maintaining high rates of wages, reducing the hours of labor, preventing the employment of non-union men, and similar purposes. The defendant Deady is a member of said association and its business agent or walking delegate. On or before the 25th of October, 1905, the defendants "maliciously and unlawfully conspired, combined, and confederated with each other and with other persons to the plaintiff unknown, to injure the plaintiff, and to prevent him from working at his trade, and from obtaining employment"; and on said day, "in pursuance of said conspiracy, wilfully, and maliciously, and by means of threats and intimidations, induced the said David R. Hawley and Frank M. Hawley to discharge the plaintiff from their employ," and "because of the threats and intimidations of the defendants," the said Hawleys on said day discharged the plaintiff from their employ. At that time the plaintiff was receiving wages at the rate of $3 per day. Since his discharge he has been unable to obtain steady employment, and has thereby lost a large sum of money which he would otherwise have earned, and "has been greatly injured in

his business and has been greatly damaged by the unlawful action of the defendants." The complaint is dated November 16th, 1905, and claims $1,500 damages.

The answer in effect denies the above stated allegations of the complaint.

The jury rendered a verdict for the plaintiff for $425 damages.

The defendants filed a motion to set aside the verdict and for a new trial, upon the ground that it was against the evidence and that the damages awarded were excessive, which motion was denied by the trial court.

The denial of said motion is the only error assigned in the appeal.

The decision of the trial judge should be sustained if it appears from the printed record before us that there was some evidence upon which the jury could reasonably have found the issues submitted to them in favor of the plaintiff, and could properly have awarded him damages to the amount named in the verdict. *Birdseye's Appeal,* 77 Conn. 623, 625, 60 Atl. 111.

The defendants contend that the record contains no evidence of the alleged conspiracy, nor of the alleged malice, at least upon the part of the Union, nor of any authority of Deady from the Union to make the claimed threats; and that as it appears from the plaintiff's own testimony that he was unemployed but eighty-six days during the period between the day of his discharge and the date of the commencement of this action, and could have earned but $3 a day, the damages recoverable could not have exceeded $258.

Section 1296 of the General Statutes makes it a criminal offense to threaten, or use any means to intimidate any person to compel him to do or abstain from doing, against his will, any act which such person has a right to do. To deprive a workman of his employment by threatening and intimidating his employer is a criminal offense under this statute. *State* v. *Glidden,* 55 Conn. 46, 74, 8 Atl. 890. That one who by such means has so injured an employee

would also be liable in damages in a civil action is not questioned in this action.

When such an injury results from the execution of a conspiracy it is the wrongful act done in carrying out the concerted plan, and not the conspiracy itself, which furnishes the real ground for a civil action. *Savile* v. *Roberts*, 1 Ld. Raym. 374; *Hutchins* v. *Hutchins*, 7 Hill (N. Y.) 104, 107.

The gist, therefore, of the present action is not the alleged conspiracy, but the injury to the plaintiff caused by the unlawful acts of the defendants in procuring his dismissal by theatening and intimidating his employers. *Bulkley* v. *Storer*, 2 Day, 531. To entitle the plaintiff to a verdict against both defendants, no further proof of a conspiracy was required than that they were joint tort-feasors in procuring the dismissal of the plaintiff by means of such threats and intimidation; and had the proof been that but one of the defendants so procured the discharge, the plaintiff, under General Statutes, §760, would have been entitled to a verdict against that one.

Neither was it necessary for the plaintiff, to entitle him to a verdict under the allegations of the complaint, to prove any other malice than that which the law might imply from the unlawful act proved. The allegations of conspiracy and of malice contained in the complaint were neither of them essential to a sufficient statement of the plaintiff's cause of action. The former may be regarded either as an averment of a fact, the proof of which might aid the plaintiff in establishing a joint liability of the defendants, or, like the averment of malice, as an allegation of a fact in aggravation of the injury complained of. *Robertson* v. *Parks*, 76 Md. 118, 24 Atl. 411; *Garing* v. *Fraser*, 76 Me. 37.

Upon the question of whether the procurement of the plaintiff's discharge, by the means alleged, was the joint act of the defendants, the testimony of the plaintiff, of his said employers, of the defendant Deady and of other officers and members of the Union, and the records of the doings

at various meetings of the Union, were presented in the trial court. It is not our purpose to repeat that evidence here. It is sufficient for us to. say of it that the record shows that there was evidence before the jury from which, in our opinion, they might reasonably have concluded that the plaintiff was discharged from his employment on account of the threats to his employers, and the means to intimidate them, made and used by the defendant Deady for the purpose of compelling the plaintiff's discharge; that Deady was the business agent and so-called walking delegate of the defendant Union, and did said acts not only with the knowledge and approval, but by the authority, of the Union. Such facts would render both defendants liable as joint tort-feasors.

The damages awarded are not necessarily excessive. Punitive damages might have been awarded even against the Union, if it either directed Deady to do the particular acts complained of, or if it afterward approved them; *Maisenbacker* v. *Society Concordia*, 71 Conn. 369, 379, 42 Atl. 67; or the jury may have found, as alleged in the complaint, that the plaintiff was otherwise injured in his business than by the loss of employment during said period.

There is no error.

In this opinion the other judges concurred.