BARNETT J. ATWOOD *vs.* BENJAMIN F. RICKER.

Third Judicial District, Bridgeport, April Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, Js.

Verdicts rendered upon conflicting evidence will not be set aside by this court on appeal; and this rule is now so firmly fixed by repeated decisions that unsuccessful litigants ought to recognize the futility of taking appeals in such cases.

Submitted on briefs April 12th—decided June 14th, 1910.

ACTION to recover possession of certain bank-books

evidencing savings-bank deposits, alleged to have been obtained from the plaintiff by fraud and imposition, also damages, brought to the District Court of Waterbury and tried to the jury before *Peasley, J.;* verdict and judgment for the plaintiff for $849, and appeal by the defendant from the denial of his motion for a new trial upon the ground of a verdict against evidence. *No error.*

*Thomas F. Ryan,* for the appellant (defendant).

*Terrence F. Carmody,* for the appellee (plaintiff).

ROBINSON, J.  The sole ground of appeal in this case is the claimed error of the court in refusing to set aside the verdict.  All the evidence has been certified for our examination, and we have carefully reviewed it; and after such examination, we are satisfied that the trial judge took the right course.  Indeed, we cannot see how he could have done otherwise, unless he disregarded the plainest of the ancient rules laid down by this court.

There was much evidence to support the plaintiff's contention.  The defendant disputed the plaintiff as to some matters; he admitted some facts, and attempted to explain others of a damaging character.  The evidence at the most was simply conflicting.  The jury evidently did not accept the defendant's denials or explanations, but rather gave credence to the plaintiff's testimony and that of his witnesses.  The jury had the right to do this.  When the evidence is simply conflicting the verdict should not be set aside. *State* v. *Laudano,* 74 Conn. 638, 51 Atl. 860.  And further, this court has said that the right to set aside a verdict should not be exercised except in clear cases.  This case, on the face of the record, is far from being a case of that character.  To justify the setting aside of a verdict, such verdict

should in the opinion of the court be manifestly and palpably erroneous; should be so manifestly against the evidence as to indicate that the minds of the jurymen were not open to reason and conviction, or that an improper influence was brought to bear. A new trial should be granted only when manifest injustice has been done, and when the wrong is so plain and palpable as to exclude all reasonable doubt of its existence and clearly to denote that some mistake has been made by the jury in the application of legal principles, or to justify the suspicion of corruption, prejudice, or partiality of the jury. These are some of the many expressions which this court has seen fit to use in laying down the governing principles in such cases as this, and the cases in which these principles are announced extend from *Bartholemew* v. *Clark,* 1 Conn. 472, 480, down to *Sackett* v. *Carroll,* 80 Conn. 374, 68 Atl. 442. They are too well known to require discussion. The principles contained in them have been so long and so thoroughly established as to emphasize the inutility and wastefulness of such appeals, except in clear cases. Litigants should not misuse our favorable statutory provisions for appeals, by experimenting with motions having little or no merit. This court has had occasion once before to call the attention of the bar to this matter, and now does so again with increased emphasis.

There is no error in the refusal of the court to set aside the verdict.

In this opinion the other judges concurred.