John P. Forbes *vs.* The Town of Orange.

Third Judicial District, New Haven, January Term, 1912.
Hall, C. J., Prentice, Thayer, Roraback and Wheeler, Js.

Personal inspection of real estate, made by the trier at the request of the parties in a civil case, is evidence of its location and condition.

When questions of fact in issue material to the judgment must be determined from conflicting testimony—of which there is sufficient—such questions must be submitted to the jury.

Where it appears that a verdict has been fairly obtained, it must stand unless the damages awarded are so plainly disproportionate to the injury as to indicate some mistake in the application of legal principles, or to warrant the belief that the jury must have been influenced by passion, partiality, or prejudice.

Special damages from the change of grade in a highway are such as accrue to the owner through being deprived of a right which the general public has not, or through suffering some injury to his interest in the land.

The defendant in a case of this character may prove any special benefits through the change of grade, and may show the condition of the road before and after the change, and the permanent benefits resulting from it; but may not prove the effect of private improvements made by adjoining owners subsequent to the change.

It is not error to exclude an ambiguous question, on cross-examination,
    claimed for the purpose of testing the qualification of the wit-
    ness—a matter already passed upon—and referring to a point as
    to which there was an abundance of other testimony, whether the
    question itself was admissible or not.

Argued January 16th—decided March 7th, 1912.

ACTION to recover damages to the premises of the
plaintiff caused by a change of grade in the highway,
brought to the Superior Court in New Haven County
and tried to the jury before *Greene, J.;* verdict and judg-
ment for the plaintiff for $800, and appeal by the de-
fendant. *No error.*

*James D. Hart,* for the appellant (defendant).

*Philip Pond,* for the appellee (plaintiff).

RORABACK, J. The plaintiff introduced evidence tend-
ing to prove these facts: For several years he has owned
a farm of land with a frontage of about two thousand
feet on the Milford Turnpike, in the town of Orange,
on which land stands his dwelling-house, barns, and
other buildings. Between January 1st, 1906, and
January 1st, 1909, the defendant changed the grade
of this highway, cut it down about four feet immediately
in front of the plaintiff's residence and driveway to
his house and barn, and also changed the traveled
part of the highway so that it was about eight feet
nearer the plaintiff's house. The effect of these changes
was to cause an unsightly bank in front of the plain-
tiff's residence; to destroy two large basswood trees; to
make the access to his premises difficult and dangerous,
and in other ways the change materially reduced the
market value of his property.

The defendant denied the plaintiff's claims, and also
answered that the benefits accruing to the plaintiff

from the construction of the road and the change of grade greatly exceeded the damages which he sustained.

During the trial, the court and the jury, at the request of both parties, viewed the premises.

The jury rendered a verdict for the plaintiff to recover $800 damages, and the defendant moved for a new trial because the verdict was against the evidence and excessive. This motion the trial court denied.

The appeal assigns error in overruling this motion; in the charge to the jury; and in the exclusion of a question upon the cross-examination of a witness.

The principal question involved in the appeal is whether the damages assessed by the jury are excessive and against the evidence in the case. It should be observed that the court and jury inspected the premises in question. Personal inspection of real estate, made by the trier at the request of the parties in a civil case, is evidence of its location and condition.

It appears by the record that nine witnesses testified as to the depreciation in value of the plaintiff's premises by reason of this change in grade. Their estimates as to his damages were from $900 to $3,000. Upon the other hand, several witnesses for the defendant testified to the effect that there was little or no damage to the plaintiff's property by the change of grade, and that his property had been materially benefited thereby. When the questions of fact in issue material to the judgment are disputed, and must be determined from conflicting testimony, of which there is sufficient, such questions must be submitted to the jury. *Atwood* v. *Ricker*, 83 Conn. 171, 172, 76 Atl. 306.

In actions of this character the law does not attempt to fix any precise rules for ascertaining what is just compensation, but from the necessity of the case leaves the assessment of damages to the good sense and unbiased judgment of the jury. When it appears

that the verdict has been fairly obtained, and has been confirmed by the presiding judge, such verdict must stand unless the damages awarded are so plainly disproportionate to the injury shown to have been sustained as to indicate that some mistake was made by the jury in the application of legal principles, or to warrant the belief that the jury must have been influenced by passion, partiality, or prejudice. *Burr* v. *Harty,* 75 Conn. 127, 129, 52 Atl. 724; *Birdseye's Appeal,* 77 Conn. 623, 625, 60 Atl. 111; *Bradbury* v. *South Norwalk,* 80 Conn. 298, 300, 68 Atl. 321; *Wyeman* v. *Deady,* 79 Conn. 414, 416, 65 Atl. 129; *Read* v. *Atlas Motor Car Co.,* 83 Conn. 167, 171, 76 Atl. 465.

The jury have decided that the plaintiff was entitled to recover $800 damages. That decision could be reached only by considering the credibility of the witnesses and weighing the conflicting evidence in the light of the circumstances which they had before them. We are unable to discover any indication that their verdict could not have been properly reached.

The court below did not err in charging the jury that "special damages are such damages as accrue to an adjoining owner by depriving him of some right that he has and that the general public have not, or by doing some injury to his interest in the land, as, for instance, by depriving him of or inconveniencing his right of access or entrance into his land, or by injuring fences or walls or sidewalks or trees appurtenant to his land, or damages of this character where necessarily resulting from the acts done." These instructions are in perfect accord with the rule stated in *Platt* v. *Milford,* 66 Conn. 320, 323, 34 Atl. 82. Such, plainly, was the principle of law upon this subject stated in *Cook* v. *Ansonia,* 66 Conn. 413, 429, 34 Atl. 183; *McGar* v. *Bristol,* 71 Conn. 652, 655, 42 Atl. 1000; *Pickles* v. *Ansonia,* 76 Conn. 278, 281, 56 Atl. 552.

A portion of the charge was as follows: "The defendant may prove any special benefit to the plaintiff's property by reason of the change of grade, and for that purpose may show the condition of the road before and after the change in grade, the benefit involved in the establishment of a grade likely to be permanent, and likely to give opportunity for and make probable beneficial improvements; but it may not prove the effect on the value of the plaintiff's property of private improvements made by adjoining proprietors subsequent to the change of grade." It seems almost unnecessary to cite the particular cases in which a similar proposition has been laid down by this court. *Cook* v. *Ansonia,* 66 Conn. 413, 431, 34 Atl. 183, which was an action for special damages sustained by the change of grade of a highway, fully justifies this doctrine.

A witness in behalf of the plaintiff, who had qualified as an expert as to land values in the plaintiff's neighborhood, testified in detail upon his direct examination as to the effect of the change of the grade of the highway, and gave his opinion as to the amount of the plaintiff's damages. This witness, upon cross-examination, was asked if in his opinion the building of the road in question had increased the value of the property adjoining this highway. This question was objected to and excluded. The purport of this question is by no means clear. If, however, it be assumed to have been one that might have been admitted properly, we are satisfied that the defendant was not harmed by its exclusion. The question was not important, for the reason that the record discloses that there was abundant evidence, aside from that of this witness, upon this branch of the case. The jury viewed the premises and had an opportunity to become acquainted with the situation in controversy and its surroundings. It also appears that this question was only claimed for the purpose

of testing the qualifications of this witness as an expert. This was a matter which had been previously passed upon by the trial court.

There is no error

In this opinion the other judges concurred.