G. F. Heublein, Incorporated, *vs.* Board of Street Commissioners of the City of Hartford.

First Judicial District, Hartford, March Term, 1929.

Wheeler, C. J., Maltbie, Haines, Hinman and Banks, Js.

Argued March 6th—decided April 30th, 1929.

*W. Arthur Countryman, Jr.,* for the appellant (defendant).

*John T. Robinson,* for the appellee (plaintiff).

HAINES, J.  This action resulted from an extension by the city of Hartford of Chapel Street in a northwesterly direction from the west side of Ann Street to High Street.  Prior to this time the plaintiff-appellee owned a tract of land on the west side of Ann Street with a frontage thereon of 138.1 feet and a depth of approximately 200 feet with a wooden building of small value on the northwest corner, and a large brick garage on the southwest corner.  The city, on April 25th, 1927, took for the purpose of this extension of Chapel Street, an irregular piece of the plaintiff's land, triangular in shape, with a frontage of 98.1 on

Ann Street and 150 feet frontage on the Chapel Street extension.

Under the provisions of the charter of the city of Hartford (17 Special Laws [1917] 977 as amended by 18 Special Laws [1921] 865 and sections 90 ff Ordinances, Compilation of 1920) the layout and award were made by the board of street commissioners, which prepared separate schedules of damages and benefits awarding $30,709.61 for the land taken and $87.25 for damages to buildings, making $30,796.86 total damages, and assessing benefits amounting to $18,666.90, giving the appellee the net sum of $12,129.96.

Not satisfied with this result the owner appealed to the Court of Common Pleas for Hartford County "from said appraisement and award of damages and assessments for special benefits or betterments." This action was taken under the authority of the provisions of the city charter found in 7 Special Laws (1873) 527, of which Act § 3 reads: "Appeals may be taken from the assessment of benefits only; but if taken from the appraisal of damages, shall be from the said appraisal and also from the assessment of benefits made at the same time for the same public work." In that appeal the owner asked the court for "a reappraisal and award of damages," and a "reassessment of special benefits and betterments."

The court appointed David A. Wilson, Esq., as a committee to hear the parties and report his findings to the court. The hearings were duly held by the committee, who also viewed the premises and thereafter filed his report with the court wherein the damages were found to be $58,518.23 for the land taken and $87.25 for "structural damage," a total of $58,-605.48, and benefits the same as originally fixed by the board of street commissioners, $18,666.90, giving the property owner the net sum of $39,938.58, or a net

increase over the finding of the board of street commissioners of $27,808.62.

The city filed a remonstrance to the acceptance of this report to which the owner demurred, and the court sustained the demurrer, accepted the report and entered judgment accordingly and the city appealed to this court.

The report of the committee was filed February 28th, 1928, and on March 12th, 1928, the city filed a request for the incorporation in the report of the following "subordinate facts": "(1) The value of that portion of the property . . . not taken . . . before the taking, and (2) the value of the same portion after the taking." On March 27th, 1928, the committee answered the first request by the figures $59,419.17 and the second by the figures $78,086.07. One of the grounds of the remonstrance to the acceptance of the report was that the last named figures were "found without evidence" and the overruling of this claim is the basis of some of the grounds of the present appeal.

The ultimate fact to be determined where land is taken in proceedings of this character is the net amount to which the landowner is entitled as compensation for the loss caused him by the taking of his property and the carrying out of the public purpose proposed. The true measure of this loss is "the difference between the market value of the whole tract as it lay before the taking, and the market value of what remained of it thereafter and after the completion of the public improvement." *Martin* v. *West Hartford,* 93 Conn. 86, 88, 105 Atl. 342; *Gaylord* v. *Bridgeport,* 90 Conn. 235, 239, 96 Atl. 936; *Cook* v. *Ansonia,* 66 Conn. 413, 431, 34 Atl. 183. The procedure authorized by the Hartford charter is to deduct the increased value of the remaining land—the benefits—from the value of the land taken, but this manifestly reaches the same re-

sult as the rule in the *Martin* case. This process requires the ascertainment of two distinct facts, the extent to which the owner is damaged, and the extent to which he is benefited, by the taking of his land and the putting through of the public improvements. The proceedings for the determination of these facts, are regarded as separate and distinct, and in a sense independent of each other. *Newton's Appeal,* 84 Conn. 234, 79 Atl. 742.

As to the claim that the value of the remaining portion after the taking, was found without evidence: If the report contains facts from which this figure can be found, this claim clearly lacks support. The report shows the value of this portion before the taking was $59,419.17, and the value of the part taken was at the same time $58,518.23, thus fixing the value of the whole tract before the taking as $117,937.40. It further shows that the extension of the street increased the value of the remaining tract $18,666.90, and this added to the original value of that tract gives $78,-086.07 as the value of the remaining land after the taking. While this latter figure therefore was not directly testified to, it is easily deducible from other facts in the report which were found upon evidence.

It is also manifest that the report as thus analyzed gives us the necessary figures to apply either the rule in the *Martin* case or that provided by the Hartford charter, and whichever method is adopted, the same result is reached as was reached by the report of the committee. Applying the rule in the *Martin* case to the above figures, by deducting the value of the remaining tract after the taking, $78,086.07, from the value of the entire tract before the taking, $117,937.40, and adding the structural damage, $87.25, gives $39,-938.58, the amount of the judgment rendered in the Court of Common Pleas. We understand counsel for

the city to argue that there is no warrant for this use of the figures showing benefits—$18,666.90—for the reason that the report shows the owner failed to offer "sufficient evidence" to change this figure, which was the same as that fixed by the board of street commissioners.

We would be forced to conclude from the wording of this statement in the report, that *some* evidence was put before the committee as to benefits, even if we were not informed by the record of the evidence itself, which is before us, that both parties produced evidence upon this point. The closing words of the report are: "The special benefits caused by the layout of the extension of Chapel Street are found to be $18,666.90." This is a specific finding of a fact by the committee himself and no claim is made that it was not supported by any evidence. It has the same conclusive character in this report as all other findings of fact by the committee, accepted by the court. *Fox* v. *South Norwalk*, 85 Conn. 237, 241, 82 Atl. 642; *Walz* v. *Bennett*, 95 Conn. 537, 540, 111 Atl. 834; *Valente* v. *Porto*, 93 Conn. 146, 149, 105 Atl. 338.

Counsel for the city makes the claim that "the burden is upon the appellant to show that the entire assessment as it affects its property is erroneous and that it has not lifted that burden when it rests its case after introducing evidence as to damages only, leaving the assessment of benefits unchallenged."

The form of the appeal to the Court of Common Pleas was such that the extent of both damages and benefits was before the committee for decision and it was open to both parties to offer evidence upon these issues. The record shows that both parties did in fact offer evidence. Moreover, the owner met the burden of proof that the "entire assessment as it affects its property" was erroneous. Upon the evidence the com-

mittee found that in making the entire assessment, the net damage of $12,129.96 found by the board of street commissioners was erroneous and that it should be $39,938.58. To establish that an entire assessment is wrong does not require that every item or portion of it be so proved. A right of appeal cannot be thus restricted. If it be shown that the final assessment as a whole, i.e., in its entirety, was wrong, the burden of the appellant has been sustained. Not only does it appear that evidence upon the question of benefits was offered by both parties—and no objections thereto are before us—but the committee personally visited and inspected the premises and this latter action furnishes evidence as truly as though similar information had been presented by the lips of witnesses. *McGar* v. *Bristol,* 71 Conn. 652, 655, 42 Atl. 1000; *Forbes* v. *Orange,* 85 Conn. 255, 257, 82 Atl. 559. We cannot review evidence thus obtained. Unless the record discloses it, we cannot know what part it played in bringing the committee to the conclusion he reached. True, if it is apparent—notwithstanding this—that the final conclusion was the result of prejudice or the failure to adopt a correct principle involved in the inquiry, we would be warranted in rejecting the conclusion as matter of law, to prevent injustice. Moreover, if an appellant at the hearing offers no evidence affecting the assessment of benefits but only attacks the assessment of damages, it amounts to a practical concession on his part that the assessment of benefits is correct, and if the city does not attack them a committee would ordinarily be justified in adopting the original figure as his own.

This brings us to the final ground upon which the conclusion of the committee is attacked, and it is essentially the same ground upon which all the remaining assignments of error are based. We understand that

claim to be in substance that upon the face of the report the committee reached his conclusion as to the net sum due the owner, in part by one method of calculation and in part by a different and inconsistent method, so that the final result was necessarily erroneous.

It will be seen that this claim is based by counsel upon at least two allegations of fact, but this court cannot adopt them as facts, particularly where, as here, they are disputed by opposing counsel, unless the record itself establishes them. We examine the entire record in vain to discover whether the committee reached his conclusion by two different methods of calculation. Nor can we find that if two methods were in fact used, they were necessarily inconsistent methods. It should be noted that while the appeal is based solely upon the report, counsel have discussed the question by reference to the evidence. This cannot be justified under our procedure and we cannot follow counsel in that direction beyond remarking that from our own study of the evidence which is all before us, it is clear that the expert witnesses used various means of reaching their several conclusions. There were references to calculations by area, by triangles and rectangles, and by zoning, and references to the Zangere Method, the Somers Method, to Manufacturers' Appraisals, American Appraisals, and the Hoffman Thesis, to proximity, to averages, to "corner influence" and to prior sales in the vicinity and other related matters. With all this before him, with personal examination of the witnesses at some points by the committee himself, and his personal inspection of the locality, it cannot be determined by this court, and it certainly is not established by the report, that he reached his final figures by two inconsistent methods of calculation. In order to lay the basis for the dis-

cussion in this court of the legal effect of such use of two inconsistent methods of calculation, a disclosure of these facts by the report would be necessary. *Walz v. Bennett,* 95 Conn. 537, 539, 540, 111 Atl. 834.

We do not overlook the contention of the city of inconsistency because of the adoption by the city of the figures of Mr. Kennedy, of a front foot valuation of Ann Street property at $600 for calculating both damages and benefits, while the committee adopted a $700 valuation for Ann Street property in estimating damages, but retained the $600 valuation in estimating benefits. This assumes some facts not disclosed by a study of the report. It does not conclusively appear that the city's estimates were based entirely upon Mr. Kennedy's figures. A similar claim was made to the committee and it is discussed in his report and found not to be well founded for reasons stated in the report. This conclusion reached by the committee was quite within his province, and we see nothing erroneous in it. It is not the province of this court, by a study of the evidence, to ascertain the methods which were adopted in making the appraisals and attempt to apply these to the facts and calculate the results, or to determine whether the result reached by one method is consistent with the result reached by another method, for this would be essentially a fact-finding process.

In hearings of this character before a committee, the same principles apply as in hearings before a court. "The law does not attempt to fix any precise rules for ascertaining what is just compensation, but from the necessity of the case leaves the ascertainment of damages to the good sense and unbiased judgment of the jury. When it appears that the verdict has been fairly obtained, and has been confirmed by the presiding judge, such verdict must stand unless the damages awarded are so plainly disproportionate to the

injury shown to have been sustained as to indicate that some mistake was made by the jury in the application of legal principles, or to warrant the belief that the jury must have been influenced by passion, partiality, or prejudice." *Forbes* v. *Orange,* 85 Conn. 255, 257, 258, 82 Atl. 559; *Read* v. *Atlas Motor Car Co.,* 83 Conn. 167, 171, 76 Atl. 465; *Bradbury* v. *South Norwalk,* 80 Conn. 298, 300, 68 Atl. 321; *Birdseye's Appeal,* 77 Conn. 623, 625, 60 Atl. 111; *Burr* v. *Harty,* 75 Conn. 127, 129, 52 Atl. 724. In holding that upon the face of the record before us we cannot pass upon the question presented by these reasons of appeal, we feel justified in adding that we think the record shows careful and painstaking consideration of these claims by both the committee and the trial court, and we see nothing which causes us to doubt the fairness of the result arrived at.

There is no error.

In this opinion the other judges concurred.