GEORGE C. MORGAN, EXECUTOR (ESTATE OF ELIAS F. MORGAN) v. G. ALBERT HILL, HIGHWAY COMMISSIONER

SUPERIOR COURT       NEW LONDON COUNTY       FILE NO. 19183

Memorandum filed March 6, 1952.

*William J. Willetts,* of New London, for the Plaintiff.

*George C. Conway,* Attorney General, and *Jack Rubin* Assistant Attorney General, of Hartford, for the Defendant.

TROLAND, J. This remonstrance challenges only the paragraphs of the report of the referee which fix the amount of damages sustained by the plaintiff by reason of the taking of access to his lands along the highway known as New London By-pass. The claim is made that there is no evidence supporting the finding that the damages amount to $14,240.

The evidence of value was largely opinion evidence and was highly conflicting. The highest estimate of total damage as made by an expert witness for the state highway commissioner was only $500. The lowest estimate of damages made by one of the plaintiff's experts was $10,880.

The task of the trier of the facts in such a situation is difficult. That the highway commissioner feels surprised and aggrieved at the amount of the award is understandable. The court has reviewed the entire record. Much of the evidence of high value of the lands prior to the taking and high damage thereto by reason of the taking away of access to the highway is believed to be unrealistic. However, the determination of the weight properly to be given to this testimony is the duty and prerogative of the referee as the trier of the facts, and this court is bound by his finding based thereon.

The highway commissioner complains that no single witness, expert or otherwise, testified to an amount of damages as high as that found by the referee.

The referee is not bound to accept in toto the formula of any one witness. He is entitled to accept part from one and part from another, and to draw inferences from facts before him. The record discloses that the referee visited the premises and made observations himself. This visit furnishes evidence as truly as though similar information had been presented by the lips of witnesses. *Heublein, Inc.* v. *Street Commissioners,* 109 Conn. 212, 218.

The court cannot find that the final conclusion of the referee was the result of prejudice or a failure to adopt a correct principle.

Accordingly the remonstrance is overruled, the report is accepted and judgment may enter thereon.